676 So.2d 1081 (1996)
STATE of Louisiana
v.
Edward HAMILTON.
No. 96-KK-0107.
Supreme Court of Louisiana.
July 2, 1996.
Richard P. Ieyoub, Attorney General, Michael Harson, District Attorney, Richard P. Weimer, Lafayette, for Applicant.
G. Paul Marx, Lafayette, for Respondent.
MARCUS, Justice.[*]
Edward Hamilton was arrested on December 29, 1994 on a charge of armed robbery. Hamilton was fifteen years old at the time and was placed in the custody of the Lafayette Juvenile Detention Center. On January 4, 1995, Hamilton was brought before the juvenile court for a continued custody hearing as required by La.Ch.C. art. 819. By stipulation the hearing was continued to January 11, 1995. On that date the juvenile court found probable cause to hold Hamilton in custody.
On January 13, 1995, the district attorney filed a formal petition in juvenile court, charging Hamilton with armed robbery as a juvenile. On February 16, 1995, pursuant to La.Ch.C. art. 305(B), the district attorney exercised his option to file a bill of information in the district court charging Hamilton as an adult. Hamilton was then transferred to the Lafayette Parish Correctional Center, the adult detention facility in Lafayette Parish.
Hamilton was arraigned on the armed robbery charge and entered a plea of not guilty. On June 2, 1995, counsel for defendant moved to quash the bill of information on the basis that more than thirty days had elapsed from defendant's arrest to the filing of the bill of information in contravention of the time limits set forth in La.Ch.C. art. 305(B)(3). The district court granted the motion to quash and ordered that the case be *1082 remanded to the juvenile court. The district court further ordered Hamilton transferred back to juvenile custody. The court of appeal denied the state's application for writs with one judge dissenting.[2] Upon the state's application, we granted certiorari to review the correctness of that decision.[3]
The sole issue in this case is whether the district attorney's failure to timely file a bill of information under La.Ch.C. art. 305(B)(3) precluded the vesting of jurisdiction in criminal court.
The Louisiana Constitution provides that juveniles are generally entitled to the protections of special juvenile procedures. La. Const. Art. V, § 19. However, the constitution specifically authorizes the legislature to exclude juveniles arrested for certain enumerated offenses from the jurisdiction of the juvenile courts. The legislature is also permitted to lower the maximum ages of persons to whom such procedures will apply.
The jurisdictional provisions authorized by La. Const. Art. V, § 19 are contained in Title III of the Louisiana Children's Code. Under La.Ch.C. art. 303, the juvenile courts have exclusive original jurisdiction over delinquency proceedings except when a child is subject to the original jurisdiction of the criminal courts pursuant to art. 305 et seq. or when a child has been transferred by the juvenile court for criminal prosecution as an adult pursuant to art. 857 et seq.[4]
Louisiana Children's Code art. 305 provides for original criminal jurisdiction over juveniles charged with the most serious offenses. As under the pre-Children's Code jurisdictional statute, La.R.S. 13:1570, La. Ch.C. art. 305 states that initially jurisdiction over juvenile criminal offenses vests exclusively in the juvenile court. Only when a divesting event occurs, does the district court obtain jurisdiction over the proceedings. State v. Lacour, 398 So.2d 1129, 1132 (La. 1981).
For certain offenses punishable by death or life imprisonment, Subsection A of La. Ch.C. art. 305 provides that the juvenile court is automatically divested of jurisdiction when an indictment is obtained or when the court finds probable cause that the accused committed the offense. La.Ch.C. art. 305(A). Thus, an offender fifteen years of age or older must be tried as an adult for the offenses listed in section (A)(1). This automatic and irreversible divestiture of jurisdiction from the juvenile court to the district court is generally called "legislative waiver" because legislative fiat has automatically waived juvenile court jurisdiction in these cases. See Samuel M. Davis, Rights of Juveniles: the Juvenile Justice System, § 2.8 (1995).
Subsection B creates a different transfer method for the less serious offenses. Minors fifteen years of age or older at the time of the commission of certain enumerated offenses are subject to the exclusive jurisdiction of the juvenile court until either (1) an indictment charging one of the enumerated offenses is returned, or (2) the juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the enumerated offenses and a bill of information charging any of these offenses is filed.
This method of transfer is commonly called "prosecutorial waiver" because the prosecutor's charging decision determines in which forum the case will be heard. See Bishop & Frazier, Transfer of Juveniles to Criminal Court: A Case Study and Analysis of Prosecutorial Waiver, 5 NOTRE DAME J. OF LAW, ETHICS, AND PUBLIC POLICY 281, 284-85 (1991); Davis, Rights of Juveniles: the Juvenile Justice System, § 2.9 (1995). Children's Code art. 305(B)(3) gives the district attorney *1083 complete discretion to file a petition in juvenile court or alternatively to obtain an indictment or file a bill of information in the district court. The district attorney is "expressly empowered" to decline to criminally prosecute the child and, instead, to treat him as a juvenile offender. La.Ch.C. art. 305, comment (g). However, once the prosecutor decides to charge the juvenile as an adult, whether by indictment or bill of information, the criminal court must exercise its jurisdiction. The Children's Code provides no mechanism by which jurisdiction could be transferred back.
Although the decision to charge the juvenile as an adult under art. 305(B) is entirely within the discretion of the district attorney, the prosecutor is faced with a time limitation in subsection (B)(3). That subsection provides:
The district attorney shall have the discretion to file a petition alleging any of the offenses listed in Subparagraph (2) of this Paragraph in the juvenile court or, alternatively, to obtain an indictment or file a bill of information. If the child is being held in detention, the district attorney shall make his election and file the indictment, bill of information, or petition in the appropriate court within thirty calendar days after the child's arrest, unless the child waives this right. (emphasis added)
Since La.Ch.C. art. 305 is silent as to the sanction for failure to make the timely election, we must decide whether the thirty-day limit on prosecutorial election contained in subsection (B)(3) is a jurisdictional limitation or whether it acts as a speedy trial rule analogous to La.Code Crim.P. art. 701. Other Children's Code articles setting forth time limits specify remedies for the failure to adhere to those limits. For example, La.Ch.C. art. 843 directs that if a child is in custody and a delinquency petition is not filed within forty-eight hours after the continued custody hearing is held, then the child shall be released.
In the instant case, the district court interpreted La.Ch.C. art. 305(B)(3) as a jurisdictional limitation and held that the proper sanction for failure to timely file a bill of information was dismissal of the charges and remand to the juvenile court. In effect, the district court held that the state's failure to timely file the bill of information forever barred the state from invoking criminal court jurisdiction.
We disagree. Clearly the thirty-day limit on prosecutorial election was never intended to be a limit on jurisdiction. The comments to La.Ch.C. art. 305(B) indicate that the focus of the thirty-day limit is on detention, not jurisdiction. Comment (g) reads in pertinent part:

In order to minimize the length of pre-charging (and preadjudication) detention, the district attorney, however, must make his election within thirty days after the child's arrest, unless this right is waived by the child. Since such a child can be held only in a detention facility pending the district attorney's election, this special provision appears compatible with the federal Juvenile Justice and Delinquency Prevention Act, P.L. 93-415, 42 U.S.C. Sec. 5601. In order to detain any person for the commission of an offense, a probable cause determination of some offense, either a delinquent act or crime, must be "promptly made." See the discussion of County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 40 (1991) in the comments to Article 817 of this Code. There is no constitutional or public policy restraint which would prevent the district attorney from reserving the issue of whether the case would thereafter proceed in juvenile or district court at the conclusion of the detention hearing. (emphasis added)
The comment demonstrates that the thirty-day limit is designed to minimize the time in detention, not place a limit after which the prosecutor is unable to exercise the charging discretion given to him in the article.
Furthermore, the lack of jurisdictional limits on the power of prosecutorial election with regard to juveniles who are not in custody indicates that the thirty-day limit should not be interpreted as a jurisdictional bar. The Children's Code provides no time limits for the institution of prosecution for those juveniles who are not held in custody. Children's Code art. 104(1) states that when procedures are not provided for in the Children's *1084 Code, the Code of Criminal Procedure governs. Therefore, the time limits set forth in La.Code Crim.P. art. 701(B)(2) are applicable to juveniles not being held in custody. Article 701(B)(2) provides that in felony cases where an accused is not being held in custody, the district attorney must file an indictment or a bill of information within 150 days after arrest; if the district attorney fails to do so, the accused shall be released from any bail obligation. On the other hand, when an accused is being held in custody, the state has sixty days to file charges or the accused shall be released from custody. La.Code Crim.P. art. 701(B)(1).
Thus the remedy for failure to timely file charges against juveniles not held in custody is release from bail, not dismissal. La.Code Crim.P. art. 701(B)(2). Similarly, in the context of juvenile delinquency proceedings, where a child is held in custody, the failure to file a petition within forty-eight hours after the continued custody hearing results in the child's release, not the dismissal of the charges. La.Ch.C. art. 843. Neither La. Ch.C. art. 843, which sets the time limits for the institution of juvenile proceedings, nor La.Code Crim.P. art. 701, which sets the time limits for the institution of criminal proceedings, is considered jurisdictional in nature. In both articles, the remedy for failure to timely file is release from custody. Because La.Ch.C. art. 305(B)(3) also concerns the time limits in which the prosecution has to file charges, it follows that this provision is not jurisdictional, but exists merely to ensure that charges are filed quickly to minimize the juvenile's preadjudication detention, as comment (g) to La.Ch.C. art. 305 indicates.
If La.Ch.C. art. 305 makes it necessary to look to La.Code Crim.P. art. 701 to determine when prosecution should be instituted against juveniles not in custody, it follows logically that the thirty-day limit in La.Ch.C. art. 305(B)(3) is meant to be a provision analogous to La.Code Crim.P. art. 701 and not a limitation on criminal court jurisdiction over minors. The statutory scheme evidences the legislative intent that district court jurisdiction hinge on the age of the offender and the type of offense committed, not on time limits. If the legislature had intended time limits to be part of the divestiture procedure, it would have included time limits on the institution of prosecution for all offenders under La. Ch.C. art. 305, not just one group. Certainly, it was not the intent of the legislature to reduce prescriptive periods for all crimes set forth in the article to thirty days for only those juveniles who are held in detention and to forever bar the state from instituting criminal prosecution against them.
For the foregoing reasons, the district court erred in granting defendant's motion to quash. The proper remedy for an untimely filing of a bill of information or indictment under La.Ch.C. art. 305(B)(3) should be release without bail rather than the quashing of charges against the defendant.

DECREE
For the reasons assigned, the judgment of the district court is reversed. Defendant is ordered released without bail. The case is remanded to the district court for further proceedings consistent with this opinion.
JOHNSON, J., dissents.
NOTES
[*] Victory, J., not on panel. Rule IV, Part 2, § 3.
[2] 95-908 (La.App. 3d Cir. 12/14/95).
[3] 96-0107 (La. 2/28/96), 668 So.2d 364.
[4] Louisiana Children's Code art. 857 et seq. allows the juvenile court on its own motion or on motion of the district attorney to consider the transfer of a juvenile to criminal court for prosecution for certain enumerated offenses where the juvenile is not otherwise subject to the original jurisdiction of the criminal court. These transfer provisions differ from the art. 305 scheme in that the criminal court has no original jurisdiction and obtains jurisdiction only after a transfer hearing at which time the state must show by clear and convincing proof that there is no substantial opportunity for the child's rehabilitation through the juvenile system. This method of transfer is authorized by La. Const. Art. V, § 19.