712 So.2d 1078 (1998)
STATE of Louisiana
v.
Jarrett DIXON.
No. 98-KA-0090.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1998.
Harry F. Connick, District Attorney, Val M. Solino, Assistant District Attorney, Randy J. Hoth, Assistant District Attorney, New Orleans, for Appellant.
Before BYRNES, WALTZER and MURRAY, JJ.
WALTZER, Judge.
Jarrett Dixon, a fifteen year old, was arrested for three counts of armed robbery on February 22, 1997. At a hearing on February 24, 1997, counsel for the juvenile stipulated as to probable cause. At that hearing the assistant district attorney informed the trial court that the matter was being considered for transfer to Criminal District Court where Dixon would be prosecuted as an adult. The State filed a bill of information in district court on March 20, 1997, and the matter was transferred from juvenile court. At his arraignment on March 25, 1997, the defendant pleaded not guilty. Defense counsel filed a motion to quash the bill of information on April 3, 1997; a hearing occurred on April 7, 1997, and the trial court granted the motion to quash on April 8, 1997, ordering the matter transferred to juvenile court. The State objected and subsequently made *1079 unsuccessful applications for writs three times and filed this appeal.
On April 15, 1997, this Court denied the State's application for writs in case # 97-K-0819 because the State failed to comply with Uniform Rules, Courts of Appeal, Rules 4-4 and 4-5. The State refiled its application in writ # 97-K-0944 on April 30, 1997, asking that the trial court's ruling on the motion to quash be reversed. On May 8, 1997, this Court refused to grant writs on the basis that the judgment is appealable, and the writ fails to conform with the Rules. Meanwhile, the trial court granted the State's motion to appeal on June 23, 1997. Meanwhile, the defendant filed a writ application, # 97-K-1665, seeking an order compelling the juvenile court to assume jurisdiction of the case; this writ was also denied on the basis that an appeal was lodged in this court. Furthermore, the juvenile had been transferred from the adult prison to the juvenile facility, but the juvenile court had no jurisdiction over the defendant until the issue on appeal was resolved by this court.
The State now argues that the trial court erred in granting the motion to quash the bill of information because under La. Ch.C. art. 305, the State of Louisiana is not required to hold a contradictory transfer hearing pursuant to Children's Code articles 857 and 858 when the district attorney has effected the transfer of a fifteen year old charged with armed robbery to adult court by filing a bill of information in Orleans Criminal District Court charging the fifteen year old with the commission of the armed robberies.
Another issue is outstanding in the record: the defense has a motion to dismiss the State's appeal due to untimeliness in filing. The defense maintains that the ruling the State seeks to appeal was made on April 8, 1997, and the five day time period provided by La.C.Cr.P. art. 914 for making a motion for appeal was long past by June 23, 1997, when the State filed its notice of appeal. However, the defense overlooks the notice of appeal dated April 10, 1997, and assigning as error the trial court's granting of the motion to quash the State's bill of information. (Record, pp. 75-76). This motion to dismiss is without merit.

FACTS:
The juvenile's statement, taken when he was arrested, is included in the record. He states that he was born on November 11, 1981, and finished the eighth grade of school. He described robbing three people. He said that another juvenile had a gun and together they planned to rob people they met on the street. They were apprehended shortly after the third robbery. This was Jarrett Dixon's first offense.

DISCUSSION:
The Louisiana Children's Code article 303 provides exclusive jurisdiction in juvenile court over children and minors except in two specific circumstances. In this appeal the parties contest which of the specific exceptions apply. The State argues that it is La. Ch.C. art. 305, which deals with divestiture of juvenile court jurisdiction and acquisition of criminal court jurisdiction upon the filing of an indictment in criminal district court[1]; the *1080 defense maintains that the case is governed by La. Ch.C. articles 857 and 858, which require a hearing with notice to consider transfer of a child to criminal court.[2]
In La. Ch.C. art. 305, the legislature enacted a statute in which juvenile court jurisdiction is divested when those fifteen years of age or older are charged with certain very serious crimes. In this case the assistant district attorney filed such charges against the defendant. La. Ch.C. articles 857 and 858 provide for transfer from juvenile jurisdiction to criminal court for a child fourteen years old or older on the child's, the court's or the district attorney's motion for certain serious crimes; under these articles a hearing on the motion may be held and notice in writing must be given to the child and his parents at least ten days before the hearing. The defense's argument is based on the fact that it is not clear that such notice was provided to the parents of the defendant.
In its brief the State relies on State v. Hamilton, 96-0107 (La.7/2/96), 676 So.2d 1081, for its argument that La. Ch.C art. 305(B) is applicable to this case. In that case the timeliness of filing the bill of information was at issue.[3] How La. Ch.C. art. 305 and La. Ch.C. articles 857 and 858 are to be construed together was not at issue in Hamilton or in any other case decided since the Children's Code was adopted.[4] However, in *1081 Hamilton La. Ch.C. article 305 is discussed as the vehicle for "prosecutorial waiver" because the transfer of the juvenile to criminal court is the prosecutor's decision; citing comment (g) to the article, the court notes that the district attorney is "expressly empowered" with "complete discretion" to file a bill of information in criminal court or a petition in juvenile court. Id., 676 So.2d at 1082-83. In a footnote the Hamilton decision refers to Ch.C. art. 857 et seq. as allowing
the juvenile court on its own motion or on motion of the district attorney to consider the transfer of a juvenile to criminal court for prosecution for certain enumerated offenses where the juvenile is not otherwise subject to original jurisdiction of the criminal court. These transfer provisions differ from the art. 305 scheme in that the criminal court has no original jurisdiction and obtains jurisdiction only after a transfer hearing at which time the state must show by clear and convincing proof that there is no substantial opportunity for the child's rehabilitation through the juvenile system. This method of transfer is authorized by La. Const. Art. V, § 19. (Emphasis in original).
Hamilton, 676 So.2d at 1082.
Although not construing the articles at issue together, the Supreme Court decision in Hamilton interprets La. Ch.C. art. 305(B) as giving the assistant district attorney power to do exactly what was done in the case at bar. This case does not fall in the exception cited in the footnote where the juvenile "is not otherwise subject to the original jurisdiction of the criminal court," and where the juvenile would be entitled to a hearing under La. Ch. C. articles 857 and 858.
A close reading of the statutes at issue, the Supreme Court's oblique comments in State v. Hamilton, and a review of the predecessor article to La. Ch.C. art. 305(B), all indicate that the district attorney had the right to transfer the juvenile case to criminal district court. As to the defense's argument that there was no notice, surely if the legislature had intended that notice and a hearing be part of the decision to transfer a young offender from juvenile to criminal district court, it would have included that provision in codal article 305. The right to a hearing is not part of La. Ch.C. art. 305 and it was not part of the predecessor article, La. R.S. 13:1570(A)(5).
In this case the assistant district attorney had a right under La. Ch. C. art. 305(B) to file a bill of information transferring the juvenile offender's case to criminal district court, and the district court erred in granted the defendant's motion to quash.
Accordingly, the judgment of the district court is vacated, and the case is remanded to the district court for proceedings consistent with this opinion.
JUDGMENT OF THE DISTRICT COURT VACATED; REMANDED.
NOTES
[1] Ch.C. art. 305 provides for criminal court jurisdiction:

A.(1) When a child is fifteen years of age or older at the time of the commission of first degree murder, second degree murder, aggravated rape, or aggravated kidnapping, he is subject to the exclusive jurisdiction of the juvenile court until either:
(a) An indictment charging one of these offenses is returned.
(b) The juvenile court holds a continued custody pursuant to Articles 819 and 820 and finds probable cause that he committed one of these offenses, ...
(2) Thereafter, the child is subject to the exclusive jurisdiction of the appropriate court exercising criminal jurisdiction....
B.(1) When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:
(a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.
(b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in Subparagraph (2) of this Paragraph and a bill of information charging any of the offenses listed in Subparagraph (2) of this Paragraph is filed.
(2)....
(d) armed robbery.
(3) The district attorney shall have the discretion to file a petition alleging any of the offenses listed in Subparagraph (2) of this Paragraph in the juvenile court or, alternatively, to obtain an indictment or file a bill of information. If the child is being held in detention, the district attorney shall make his election and file the indictment, bill of information, or petition in the appropriate court within thirty calendar days after the child's arrest, unless the child waives this right.
[2] Ch.C. art. 857 concerns authority for transfers for criminal prosecutions; it provides:

A. The court on its own motion or on motion of the district attorney may conduct a hearing to consider whether the transfer a child for prosecution to the appropriate court exercising criminal jurisdiction if a delinquency petition has been filed which alleges that a child who is fourteen years of age or older at the time of the commission of the alleged offense but is not otherwise subject to the original jurisdiction of a court exercising criminal jurisdiction has committed any one or more of the following crimes:
....
(6) Armed robbery when committed with a firearm.
Ch.C. art. 858 governs notice on a motion to transfer a child to criminal court; it provides:
A. On a motion of the district attorney, the child, or on its own motion, the court may conduct a transfer hearing. Such motion may be filed at any time following the filing of a delinquency petition but shall be heard prior to the adjudication hearing or acceptance of an admission to the delinquency petition.
B. Notice in writing of the time, place, and purpose of the hearing must be given to the child and his parents and other custodian, if any, at least ten days before the hearing.
[3] In Hamilton, a fifteen year old accused of armed robbery was in custody of the juvenile detention center when the district attorney filed a bill of information pursuant to La. Ch.C. art. 305(B). Defense counsel moved to quash the bill of information on the basis that more than thirty days had expired between the defendant's arrest and the filing of the bill of information in contravention of La. Ch.C. art. 305(B)(3). The Supreme Court reasoned that the timeliness provision was not created as a jurisdictional limit but as a limit on detaining the child in custody. The Supreme Court found the trial court erred in granting the defendant's motion to quash because the proper remedy for untimely filing of a bill of information under La. Ch. C. art. 305(B)(3) would be release without bail rather than the quashing of the charges against the defendant.
[4] Although it appears that the Children's Code articles have not been construed together since the Children's Code was adopted in 1992, prior to its adoption the article preceding Ch.C. article 305 and the juvenile's constitutional right to notice and a hearing were at issue in several cases. In State v. Perique, 439 So.2d 1060 (La. 1983), the Louisiana Supreme Court considered a situation where a sixteen year old was charged as an adult with armed robbery. The defense filed a motion to quash the bill of information on the grounds that the statute vesting the criminal district court with jurisdiction resulted in an unconstitutional denial of due process and equal protection laws. The case concerned the pre-Children's Code jurisdictional statute, La. R.S. 13:1570(A)(5) upon which La. Ch.C. art. 305(B) is based. The Supreme Court held that La. R.S. 13:1570(A)(5) was a valid exercise of the state's police powers, noting that the district attorney has control of all criminal prosecutions instituted and pending in the district and determines who, when and how he shall prosecute. Perique, p. 1064

This Court considered a similar situation in State v. Payne, 482 So.2d 178 (La.App. 4th Cir. 1986), where the juvenile defendant argued the trial court erred in denying his motion to quash alleging the district court had no jurisdiction over him. The defendant argued that La. R.S. 13:1570 deprived him of due process by requiring that a juvenile charged with second degree murder must be tried as an adult in criminal district court without first having a hearing to determine if he should be tried in juvenile court. This Court rejected the argument citing State v. Perique.