CARTER, C.J.,
dissenting.
11 This court granted a writ of certiorari in order to review the res nova issue of whether a juvenile court is divested of jurisdiction if, during the pendency of competency proceedings in juvenile court pursuant to La. Ch.Code art. 305 E, the minor is indicted in district court with second degree murder and armed robbery. The majority concludes that there is no error in the juvenile court’s continued exercise of jurisdiction.
After a thorough review of the law, jurisprudence, record, and briefs of the parties, as well as the amicus briefs, I respectfully dissent. I respectfully submit that the majority opinion is clearly in error in holding that the juvenile court has jurisdiction in the case sub judice.

PROCEDURAL HISTORY

T.C. and Róndale Simpson allegedly committed the armed robbery of Frederick Wright and the second degree murder of Theodore Lange on April 24, 2009. This application for supervisory writs solely concerns the state’s case against T.C. T.C. was born on June 24, 1993, and was 15 on the date of the alleged offenses.
T.C. was taken into custody on May 15, 2009. A detention hearing was scheduled in juvenile court but was continued several *1093 times. On July 8, 2009, counsel for T.C. filed in juvenile court a motion for a psychiatric 12examination. The motion alleged T.C. suffered from a serious psychological disturbance that caused him to lack the ability to understand the nature of the proceedings and assist counsel. On July 14, 2009, the juvenile court granted the motion and appointed two professionals to serve on the competency commission.
Prior to the competency hearing, the district attorney, on August 13, 2009, secured a grand jury indictment in district court charging T.C. with armed robbery (La. R.S. 14:64) and second degree murder (La. R.S. 14:30.1).
The state filed a motion in the district court to transfer the child from the custody of the juvenile court to the East Baton Rouge Parish Prison. The state maintained that, pursuant to La. Ch.Code art. 305 A(2), the child was subject to the exclusive jurisdiction of the district court. The district court granted the motion to transfer.
After the indictment was filed and before the juvenile court held the competency hearing, the state objected to the juvenile court’s continued exercise of jurisdiction and moved to dismiss the juvenile proceedings. On October 14, 2009, the juvenile court denied the state’s motion, reasoning that an indictment issued in district court in violation of La. Ch. Code art. 305 E (prior to resolution of the juvenile’s mental capacity to proceed) does not divest the juvenile court of jurisdiction.
The state filed an expedited application with this court requesting a writ of prohibition to enjoin the juvenile court from exercising jurisdiction.[1] |aThis court granted supervisory writs in order to determine the legal correctness of the juvenile court’s action. This court also granted a writ of certiorari, stayed the proceedings in both the juvenile court and the district court, and ordered the parties to file briefs and appear for oral argument.
Prior to oral argument, this court granted leave to the East Baton Rouge Parish Public Defender, the Louisiana Association of Criminal Defense Lawyers, and the Juvenile Defense Clinic of the Louisiana State University Law Center to file amicus briefs.

DISCUSSION

The determination of guilt or innocence, the detention, and the custody of a person alleged to have committed a crime prior to his seventeenth birthday shall be pursuant to special juvenile procedures provided for by law. La. Const, art. V, § 19. The legislature may, however, provide that “special juvenile procedures shall not apply” to juveniles, such as T.C., who are arrested for having committed specified serious offenses, such as second degree murder or armed robbery. See La. Const, art. V, § 19.
The jurisdictional provisions authorized by Article V, § 19, are contained in Title III of the Louisiana Children’s Code. State v. Hamilton, 96-0107 (La.7/2/96), 676 So.2d 1081, 1082. The court exercising juvenile jurisdiction (the juvenile court) does not have jurisdiction over children subject to district court jurisdiction for prosecution as an adult pursuant to La. Ch.Code art. 305, et seq., or children transferred by the juvenile court to the district court for prosecution as an adult pursuant *1094 to La. Ch.Code art. 857, et seq. La. Ch. Code art. 803(1); State ex rel. D.J., 2001-2149 (La.5/14/02), 817 So.2d 26, 88 n. 10.
UPursuant to Article 305, jurisdiction over juvenile criminal offenders fifteen or older at the time of the commission of certain specified offenses initially vests exclusively in the juvenile court. Hamilton, 676 So.2d at 1082. When a divesting event occurs, the juvenile court is divested of its initial jurisdiction, and the district court obtains jurisdiction over the proceedings. See Hamilton, 676 So.2d at 1082. Louisiana Children’s Code article 305 effectively gives district courts jurisdiction over juveniles charged with the most serious offenses. State v. Jacobs, 2004-1219 (La.App. 5 Cir. 5/31/05), 904 So.2d 82, 91, writ denied, 2005-2072 (La.4/28/06), 927 So.2d 282, cert. denied, 549 U.S. 956, 127 S.Ct. 385, 166 L.Ed.2d 276 (2006).
T.C. was indicted for the offenses of second degree murder and armed robbery. Both of these offenses are recognized as serious offenses subject to district court jurisdiction pursuant to Article 305. For purposes of Article 305, second degree murder and armed robbery are treated differently.
Subsection A of Article 305 provides that the juvenile court is divested of jurisdiction when either (1) an indictment is obtained or (2) when the juvenile court finds probable cause that the accused committed certain offenses, such as second degree murder, that are punishable by death or life imprisonment. See Hamilton, 676 So.2d at 1082. By law, juvenile court jurisdiction is automatically waived in such cases. Hamilton, 676 So.2d at 1082. An offender fifteen years of age or older “must be tried as an adult” for the offenses listed in Section A(l), including second degree murder. Hamilton, 676 So.2d at 1082; State ex rel. Jackson, 99-2977 (La.App. 4 Cir. 3/22/00), 757 So.2d 900, 903. The juvenile is subject to the “exclusive” | ¡jurisdiction of the appropriate court, which for crimes listed in Section A(l) is the district court. See La. Ch.Code art. 305 A(2); Jackson, 757 So.2d at 903. Stated differently, upon the filing of the indictment charging T.C. with second degree murder, T.C. “was automatically excluded from the jurisdiction of the juvenile courts for all subsequent procedures concerning that charge.” See State v. Taylor, 97-2048 (La.App. 1 Cir. 6/29/98), 716 So.2d 178, 181, writ denied, 98-2792 (La.2/26/99), 738 So.2d 1066. The state must proceed in district court on the second degree murder charge; it cannot elect to proceed pursuant to a delinquency petition filed in juvenile court.
For certain other serious crimes, including armed robbery, Subsection B of Article 305 provides a different mechanism for the transfer of jurisdiction to the district court. Thereunder, a juvenile is subject to the exclusive jurisdiction of the juvenile court until either (1) an indictment is returned charging the juvenile with armed robbery, or (2) the juvenile court holds a continued custody hearing and finds probable cause that the child has committed armed robbery and a bill of information is filed charging the juvenile with armed robbery. See Hamilton, 676 So.2d at 1082. For crimes listed in Subsection B, the prosecutor’s charging decision determines in which forum the case will be heard; the district attorney has “complete discretion.” Hamilton, 676 So.2d at 1082-1083. “[OJnce the prosecutor decides to charge the juvenile as an adult, whether by indictment or bill of information, the criminal court must exercise its jurisdiction.” Hamilton, 676 So.2d at 1083. Therefore, once the district attorney secured an ^¿indictment for armed robbery, jurisdiction rested solely with the district court.
*1095 By 2008 La. Acts No. 222, § 1 (eff. June 16, 2008), Subsection E was added to Article 305. Subsection E provides:
(1) If a competency or sanity examination is ordered, except for the filing of a delinquency petition, no further steps to prosecute the child in a court exercising criminal jurisdiction shall occur until:
(a) Counsel is appointed for the child and notified in accordance with Article 809; and
(b) The court determines mental capacity to proceed in accordance with Chapter 7 of Title VHI.
(2) When a child has been charged with one or more of the crimes listed in Article 857,[2] has reached twenty-one years of age and is incompetent, the court on its own motion or on the motion of the district attorney may conduct a hearing to consider whether to transfer the child for further proceedings to the appropriate court exercising criminal jurisdiction.
(Footnote provided.)
The majority opinion holds that, pursuant to Article 305 E, upon entry of the juvenile court order for appointment of a sanity commission, exclusive jurisdiction remains with the juvenile court and, except for the filing of a delinquency petition, no further steps to prosecute the child may be taken until the juvenile court determines T.C.’s mental incapacity to proceed in accordance with Chapter 7 of Title VIII.[3] Such would be true if the case remained within the exclusive jurisdiction of the juvenile court; 17however, in this instance, the juvenile court was divested of jurisdiction, and jurisdiction was transferred to the district court.
Defense counsel obtained an order from the juvenile court for appointment of a competency commission prior to the state instituting proceedings in the juvenile court or in the district court. As evidenced by the indictment, the State has elected to charge the defendant as an adult and proceed against him in district court. The decision to charge the armed robbery in district court is within the discretion of the district attorney.[4] See La. Ch.Code art. 305 B. Prosecution of the charge of second degree murder must take place in district court. See La. Ch.Code art. 305 A; Hamilton, 676 So.2d at 1082.
Once the indictment against T.C. was filed, the juvenile court was divested of jurisdiction and was no longer “a court exercising criminal jurisdiction.” As a matter of law, jurisdiction is vested in the district court, and the district court is the proper forum for determining T.C.’s mental capacity to proceed. Even when prosecuted as adults in district court, juveniles *1096 can seek a special sanity hearing to be conducted in accordance with articles 833 through 836 of the Louisiana Children’s Code, which provisions are found in Chapter 7 of Title VIII. La.Code Crim. P. art. |s644.1; compare La. Ch.Code art. 305 E(l)(b) (mental capacity to proceed is to be determined in accordance with Chapter 7 of Title VIII).

CONCLUSION

A defendant cannot interfere with the automatic jurisdictional provision found in Article 305 A and the discretionary jurisdictional provision found in Article 305 B simply by obtaining an order from the juvenile court for appointment of a sanity commission prior to the institution of prosecution in district court or the filing of a delinquency petition in juvenile court. I respectfully submit that the majority opinion to the contrary is in error. Upon the filing of the indictment charging T.C. as an adult with the crimes of second degree murder and armed robbery, the juvenile court was divested of jurisdiction, and exclusive jurisdiction was given to the district court.
Accordingly, I would grant the state’s application for supervisory writs to review the correctness of the juvenile court judgment; reverse the October 1, 2009, order of the juvenile court; grant the State’s motion to dismiss the proceedings in juvenile court; and lift all stays issued by this court.
For the above-stated reasons, I respectfully dissent.

. The state's expedited writ application was filed with this court and identified as arising from the Nineteenth Judicial District Court, Parish of East Baton Rouge; however, the state is not challenging any ruling from the district court judge. Rather, the state is challenging the actions of the Juvenile Court of East Baton Rouge Parish.

. Louisiana Children’s Code article 857 includes second degree murder and armed robbery when committed with a firearm. La. Ch.Code art. 857 A(2), (6).

. Title VIII of the Louisiana Children’s Code is entitled "Delinquency.” Chapter 7 of Title VIII specifically addresses issues regarding a child's mental incapacity to proceed.

. The Louisiana constitution provides that, except as otherwise provided for in the constitution, a district attorney, or his designated assistant, has "charge of every criminal prosecution by the state in his district." La. Const, art. V, § 26(B). The district attorney has the entire charge and control of every criminal prosecution instituted or pending in his district and determines "whom, when, and how he shall prosecute.” La.Code Crim. P. art. 61. To interpret Article 305 E as suggested by defense counsel is to place charge of a criminal prosecution with defense counsel rather than with the district attorney. Defense counsel could circumvent, or manipulate, the automatic jurisdictional provision of Article 305 A and the discretionary jurisdictional provision of Article 305 B by obtaining an order appointing a sanity commission pri- or to the district attorney effecting a legal action against a juvenile accused of a serious crime.