# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                   NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **14th day of October, 2015**, are as follows:

**BY KNOLL, J.**:

2014-CK-1996        STATE OF LOUISIANA v. TERRENCE ROBERSON (Parish of E. Baton
                    Rouge) (Armed Robbery and Attempted Second Degree Murder)

                    For the foregoing reasons, the Court of Appeal's ruling reversing
                    the District Court's grant of the motion to quash is affirmed.
                    This matter is remanded to the District Court for further
                    proceedings.
                    AFFIRMED AND REMANDED.

                    JOHNSON, C.J., dissents and assigns reasons.
                    WEIMER, J., additionally concurs and assigns reasons.
                    CRICHTON, J., additionally concurs and assigns reasons.

## SUPREME COURT OF LOUISIANA

## NO. 2014-CK-1996

## STATE OF LOUISIANA

## VERSUS

## TERRENCE ROBERSON

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF EAST BATON ROUGE

**KNOLL, JUSTICE**

This writ concerns whether the Juvenile Court's dismissal of a juvenile's case for expiration of the time period for adjudication provided in the Children's Code prevents the District Attorney from later obtaining a grand jury indictment against the juvenile and bringing the case to District Court. In this case, the District Court quashed the defendant's indictment on the basis of the Juvenile Court's prior dismissal of the juvenile petition with prejudice. The Court of Appeal reversed the District Court's grant of the motion to quash. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Defendant, Terrence Roberson, is charged with armed robbery and attempted second-degree murder for offenses which allegedly occurred on May 14, 2012, when the defendant was sixteen years old. On July 9, 2012, the State filed a petition in Juvenile Court. The juvenile appeared and entered a denial on July 13, 2012, and the matter was assigned for adjudication on September 11, 2012. However, the State was granted a thirty-day continuance, and the juvenile was released from custody. On October 12, 2012, the new date set for the adjudicatory hearing, the State again moved to continue. The Juvenile Court denied the State's motion. According to the Juvenile Court's minute entries, the State then "moved to

withdraw the motion to transfer for criminal prosecution and to dismiss this matter without prejudice." The Juvenile Court, however, ordered the matter "be dismissed with prejudice [d]ue to the state being unable to show good cause."

On November 8, 2012, a grand jury indicted the defendant with three counts of armed robbery and two counts of attempted second-degree murder. The defendant moved to quash the indictment filed in District Court based on the previous dismissal of the Juvenile Court petition "with prejudice." The District Court granted the motion to quash, finding it did not have authority to review the Juvenile Court's dismissal of the matter with prejudice. The Court of Appeal reversed, finding exclusive jurisdiction vested in the District Court by operation of law when the indictment was returned. We agree.

## ANALYSIS

The defendant alleges the State may not circumvent the Juvenile Court's ruling, which was based on the expiration of the time period provided for defendant's juvenile adjudicatory hearing in La. Ch.C. 877, by later filing an indictment in District Court containing charges stemming from the same allegations previously dismissed with prejudice. In support, the defendant relies on *State in Interest of R.D.C., Jr.,* 93-1865 (La. 2/28/94), 632 So.2d 745. In *R.D.C.,* this Court held the State may not refile its petition where a good cause extension is not granted *before* the expiration of the time period for commencement of adjudication provided by La. Ch.C. art. 877.

La. Ch.C. art. 877 states:

A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition. In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.

B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.

C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.

D. For good cause, the court may extend such period.

This Court reaffirmed the mandatory nature of this article's provisions in *State of Louisiana in the Interest of J.M.,* 2013-2573, p. 5 (La. 12/9/14), 156 So.3d 1161, where we found the State could not flout this time period by entering a *nolle prosequi* and refiling the same charges in Juvenile Court. However, this holding is not applicable to the present case, as the provisions of La. Ch.C. art. 877 pertain *exclusively* to proceedings in Juvenile Court.[1] Here, the applicable time period for adjudication in Juvenile Court had clearly expired when the State was denied a continuance on October 12, 2012; thus, the State is not allowed to re-file a petition in Juvenile Court. However, La. Ch.C. art. 877 **does not** authorize the Juvenile Court to limit the State's authority to later bring an indictment in District Court.

La. Ch.C. art. 305 gives the District Attorney discretion to obtain an indictment or file a bill of information in District Court, when, as is the case here, the child is fifteen years of age or older at the time of commission of certain serious crimes, including armed robbery and attempted second-degree murder.[2]

---

[1] La Ch.C. art. 103 specifically states: "Except as otherwise specified in any Title of this Code, the provisions of the Children's Code shall be applicable in all juvenile court proceedings, and only to such proceedings."

[2] The Louisiana Children's Code allows for divesture of Juvenile Court jurisdiction and original jurisdiction in District Court only under limited circumstances in which the child is fifteen years or older and is charged with certain serious crimes. The relevant provision in this case is La. Ch.C. art. 305(B), which specifies that where the child is fifteen years of age or older and has committed one of the crimes enumerated in La. Ch.C art. 305B(2), the Juvenile Court has exclusive jurisdiction **until** either 1) an indictment is returned or 2) the Juvenile Court holds a continued custody hearing pursuant to La. Ch.C. arts. 819 and 820 and finds probable cause the juvenile committed one of the enumerated offenses **and** a bill of information is filed. The crimes enumerated under this provision are:

  (2)(a) Attempted first degree murder.
  (b) Attempted second degree murder.
  (c) Manslaughter.

Although the defendant was originally subject to the exclusive jurisdiction of the Juvenile Court, La. Ch.C. art. 305(B)(4) clearly provides:

> If an indictment is returned or a bill of information is filed, **the child is subject to the exclusive jurisdiction of the appropriate court exercising criminal jurisdiction for all subsequent procedures**, including the review of bail applications, and the district court may order that the child be transferred to the appropriate adult facility for detention prior to his trial as an adult.

(Emphasis added.)

Once the indictment was returned on November 8, 2012, exclusive jurisdiction vested in the District Court by operation of this provision. The Juvenile Court lacked authority to supersede the State's discretion to transfer the case to District Court under La. Ch.C. art. 305.

The dissent from the majority opinion in the Court of Appeal asserts that allowing the State to refile the same charges in District Court renders the good cause provision of La. Ch.C. art. 877(D) meaningless. *State v. Roberson*, 13-1789, p.3 (La. App. 1 Cir. 9/4/14), 2015 WL 4374101 (unpublished)(Pettigrew, J., dissenting). While it is true the mandatory time limitations provided in La. Ch.C. art. 877 were set forth to ensure expedited adjudication of children, the Legislature has provided that, when juveniles have reached a certain age and are alleged to have committed certain serious crimes, the District Attorney may elect to bring the

---

(d) Armed robbery.
(e) Aggravated burglary.
(f) Forcible rape.
(g) Simple rape.
(h) Second degree kidnapping.
(i) Repealed by Acts 2001, No. 301, § 2.
(j) Aggravated battery committed with a firearm.
(k) A second or subsequent aggravated battery.
(l) A second or subsequent aggravated burglary.
(m) A second or subsequent offense of burglary of an inhabited dwelling.
(n) A second or subsequent felony-grade violation of Part X or X-B of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950 involving the manufacture, distribution, or possession with intent to distribute controlled dangerous substances.

La. Ch.C. art. 305(B)(2).

Once the indictment is returned or a bill of information is filed, the child is subject to the exclusive jurisdiction of the District Court. *Id.* at B(5).

case in District Court. The mandatory expedited timelines of the Children's Code do not apply in District Court, although the defendant retains his constitutional right to a speedy trial.[3] Thus, the Louisiana statutory scheme allows the State to institute prosecution in this case in accordance with the provisions of the Louisiana Code of Criminal Procedure, notwithstanding the expiration of the time limitations in Juvenile Court.

**DECREE**

For the foregoing reasons, the Court of Appeal's ruling reversing the District Court's grant of the motion to quash is affirmed. This matter is remanded to the District Court for further proceedings.

**AFFIRMED AND REMANDED.**

---

[3] We also note that jeopardy had not attached in this case, as no witnesses were sworn in for the adjudication proceeding. La. Ch.C. art. 811.

SUPREME COURT OF LOUISIANA

No. 2014-CK-1996

STATE OF LOUISIANA

VERSUS

TERRENCE ROBERSON

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF EAST BATON ROUGE

**JOHNSON, Chief Justice, dissents and assigns reasons.**

This court's role is to recognize the legislative will in procedural rules and time limitations. La. Ch. C. Art. 877 gives the prosecution specific time limits to bring the adjudication of delinquency for hearing in the Juvenile Court, or transfer the case to the District Court.

In this case, the prosecution did neither within the time limits. The judge's role as gatekeeper is to interpret procedural rules so that neither prosecution nor defense is favored or prejudiced. What we have created is an aberration, where the prosecution determines the conduct of the trial, regardless of procedural rules. The judge may continue a trial on hearing for good cause; a witness is unavailable, a party has a conflict, and other legitimate reasons. In our current system, a judge's denial of the prosecution's motion to continue, means nothing. The prosecution simply enters a nolle prosequi in the action, then files a new bill of information, bringing the same charges. *State v. Love*, 2000-3347 (La. 5/23/03), 847 So. 2d 1198.

Here, the state failed to bring the case to adjudication in Juvenile Court within the time limits of Article 877. While the state had several months to do so, it failed to transfer the case to District Court before the expiration of time limits. The state then dismissed the charges in Juvenile Court, and presented the same charges

for a grand jury indictment. Where is the protection for defendants in this chess game, when the prosecution can do an end run around the court's attempt to control progress of the trial, and the time limitations start anew.

SUPREME COURT OF LOUISIANA

NO. 2014-CK-1996

STATE OF LOUISIANA

VERSUS

TERRENCE ROBERSON

*ON CERTIFIED QUESTION FROM THE UNITED STATES
FIRST CIRCUIT COURT OF APPEALS, PARISH OF EAST BATON ROUGE*

**WEIMER, J.**, additionally concurs.

I fully subscribe to the majority opinion. I write separately because I find this court's ruling in **State v. Hamilton**, 96-0107 (La. 7/2/96), 676 So.2d 1081, is especially instructive and provides additional support for the majority's opinion.

In **Hamilton**, we explained that La. Ch.C. art. 305(A) "provides that the juvenile court is automatically divested of jurisdiction when an indictment is obtained or when the court finds probable cause that the accused committed" certain enumerated, "most serious" offenses. **Id.**, 96-0107 at 2, 3, 676 So.2d at 1082. This procedure, we noted, "is generally called 'legislative waiver' because legislative fiat has automatically waived juvenile court jurisdiction in these cases." **Id.** at 3, 676 So.2d at 1082.

In contrast to "legislative waiver," another procedure (the "prosecutorial waiver") is embodied in La. Ch.C. art. 305(B):

> Subsection B creates a different transfer method for the less serious offenses. Minors fifteen years of age or older at the time of the commission of certain enumerated offenses are subject to the exclusive jurisdiction of the juvenile court until either (1) an indictment charging one of the enumerated offenses is returned, or (2) the juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the enumerated offenses *and* a bill of information charging any of these offenses is filed.

**Hamilton**, 96-0107 at 3, 676 So.2d at 1082. The "prosecutorial waiver" procedure, as we noted in **Hamilton**, "gives the district attorney complete discretion to file a petition in juvenile court or alternatively to obtain an indictment or file a bill of information in the district court." *Id.*, 96-0107 at 3-4, 676 So.2d at 1082-83. "[O]nce the prosecutor decides to charge the juvenile as an adult, whether by indictment or bill of information, the criminal court *must exercise its jurisdiction*." *Id.* at 4 676 So.2d at 1083. (Emphasis added.)

In **Hamilton**, the prosecution failed to make its decision to prosecute the defendant as an adult within a thirty-day time limit applicable to juveniles being held in custody. *Id.* 96-0107 at 1, 676 So.2d at 1081, *citing* La. Ch.C. art. 305(B)(3). However, we ruled that "the thirty-day limit is designed to minimize the time in detention, not place a limit after which the prosecutor is unable to exercise the charging discretion given to him in the article." We reasoned that "the lack of jurisdictional limits on the power of prosecutorial election with regard to juveniles who are not in custody indicates that the thirty-day limit should not be interpreted as a jurisdictional bar." *Id.*

In the instant case, the defendant contends that the prosecution failed to meet the time limit of La. Ch.C. art. 877(B) ("If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.") and the juvenile court refused to grant an extension, as that court was empowered to do under La. Ch.C. art. 877(D) ("For good cause, the court may extend such period."). Although this case concerns a different time limit than the one at issue in **Hamilton**, it is a time limit nonetheless. Just as we found no jurisdictional limits on the "prosecutorial waiver" procedure imposed by La. Ch.C. art. 305(B)(3), here, La. Ch.C. art. 877 is similarly devoid of any language that negates the district

2

attorney's discretion to invoke the jurisdiction of the district court and then charge a juvenile for the serious crimes listed in La. Ch.C. art. 305(B)(2).

I am not unsympathetic toward the notion that the juvenile court, when it dismissed this case "with prejudice," might have been best suited from its familiarity with the case to have had the final word in the matter. Or, as I suggested in the non-juvenile case of **State v. Love**, 00-3347, p. 4 (La. 5/23/03), 847 So.2d 1198, 1215 (Weimer, J., concurring), when a continuance is denied and the state wishes to re-institute prosecution, "the State should have the burden to establish the defendant was not prejudiced." However, even commentators who are critical of Louisiana's juvenile procedures–including the prosecutor's largely unfettered ability to transfer certain cases out of juvenile courts–recognize that these procedures have been implemented by the legislature. See, e.g., Hector Linares & Derwyn Bunton, *An Open Door to the Criminal Courts: Analyzing the Evolution of Louisiana's System for Juvenile Waiver*, 71 La.L.Rev. 191, 193-197, 226 (2010) (discussing the legislative evolution of three pathways to trying juvenile courts in Louisiana, the "legislative waiver," the "prosecutorial waiver," and the "judicial waiver," the authors favor legislatively eradicating all but the "judicial waiver.").

Even so, the role of this court in this matter is to follow the clear dictates of the legislature. See, e.g., La. R.S. 1:4 ("When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit."). As the majority correctly finds, and as this court earlier found in **Hamilton**, the legislature has chosen not to restrain, as a penalty for missing particular deadlines in the Children's Code, the prosecutor's ability to bring certain serious offenses allegedly committed by a juveniles for trial in the same court as trials for adults. Thus, I respectfully concur.

3

**SUPREME COURT OF LOUISIANA**

**NO. 2014-CK-1996**

**STATE OF LOUISIANA**

**VERSUS**

**TERRENCE ROBERSON**

**CRICHTON, J.**, concurs.

I agree with the majority opinion in this matter and write separately to emphasize that the district attorney, by constitutional mandate, has full charge of every state prosecution in his district. La. Const. Art. 5 sec. 26(B). *See also* La. C.Cr.P. art. 61 ("[The] district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines, whom, when, and how he shall prosecute."). The district attorney's jurisdiction to prosecute those who violate state criminal statutes is exclusive; it can only be constrained or curtailed when it operates to the prejudice of a contrary constitutional mandate, and even then only with due deference to the district attorney's constitutional prerogative. *Bd. of Com'rs of Orleans Levee Dist. v. Connick*, 654 So. 2d 1073 (La. 1995).