WEIMER, J.,
additionally concurs.
hi fully subscribe to the majority opinion. I write separately because I find this court’s ruling in State v. Hamilton, 96-0107 (La.7/2/96), 676 So.2d 1081, is especially instructive' and provides additional support for the majority’s opinion. ,.
In Hamilton, we explained that La. Ch.C. art. 306(A). “provides that the juvenile court is automatically divested of jurisdiction when an indictment is obtained or when the court finds probable cause that the accused committed” certain enumerated, “most serious” offenses. Id. 96-0107 at 2, 3, 676 So.2d at 1082. This procedure, we noted, “is generally called ‘legislative waiver’ because legislative fiat has automatically waived juvenile court jurisdiction in these eases.” Id. at 3, 676 So.2d at 1082.
In contrast to “legislative waiver,” another procedure (the “prosecutorial waiver”) is embodied in La. Ch.C. art. 305(B):
Subsection B creates a .different transfer method for the less serious offenses. Minora fifteen years of age. or older at the time - of the. commission of certain enumerated offenses are subject to the exclusive jurisdiction of the juvenile court until either (1) an indictment charging one of the enumerated offenses is returned, or (2) the juvenile court holds a continued custody hearing and finds probable cause that the child has committed any. of the enumerated offenses and a, bill of information charging ■any of these offenses is filed,
Hamilton, 96-0107 at 3, 676 So.2d at 1082. The “prosecutorial waiver” procedure, as we noted in Hamilton, “gives the district attorney complete discretion to file a petition in juvenile court or alternatively to obtain an indictment or file a bill of information in the district court.” Id., 96-0107 at 3-4, 676 So.2d at 1082-83. “[Olnce the prosecutor decides to charge the juvenile .as an adult, whether.by indictment or bill of information* the criminal court must exercise its jurisdiction.” Id. at 4, 676 So.2d at 1083. (Emphasis added.)
In Hamilton, the prosecution failed to make its decision to prosecute the defendant as an adult within a thirty-day time limit applicable to juveniles being held in custody. Id. 96-0107 at 1, 676 So.2d at 1081, citing La. Ch.C. art. 305(B)(3). However, we. ruled ¡ that “the thirty-day. limit-is designed to minimize the time, in detention, not place a limit after which- the prosecutor is unable to exercise the charging discretion given to him in the article.” We reasoned that “the lack of jurisdiction *578 al limits on the power of prosecutorial election with regard to juveniles who are not in custody indicates that the thirty-day limit should not be interpreted as a jurisdictional bar.” Id.
In the instant case, the defendant contends that the prosecution failed to meet the time limit of La. Ch.C. art. 877(B) (“If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.”) and the juvenile court refused to grant an extension, as that court was empowered to do under La. Ch.C. art. 877(D) (“For good cause, the court may extend such period.”). Although this case concerns a different time limit than the one at issue in Hamilton, it is a time limit nonetheless. Just as we found no jurisdictional limits on the “prosecutorial waiver” procedure imposed by La. Ch.C. art. 305(B)(3), here, La. Ch.C. art. 877 is similarly devoid of any language that negates the district [ ^attorney’s discretion to invoke the jurisdiction of the district court and then charge a juvenile for the serious crimes listed in La. Ch.C. art. 305(B)(2).
I am not unsympathetic toward the notion that the juvenile court, when it dismissed this case “with prejudice,” might have been best suited from its familiarity with the case to have had the final word in the matter. Or, as I suggested in the non-juvenile case of State v. Love, 00-3347, p. 4 (La.5/23/03), 847 So.2d 1198, 1215 (Weimer, J., concurring), when a continuance is denied and the state wishes to re-institute prosecution, “the State should have the burden to establish the defendant was not prejudiced.” However, even commentators who are critical of Louisiana’s juvenile procedures — including the prosecutor’s largely unfettered ability to transfer certain cases out of juvenile courts-recognize that these procedures have been implemented by the legislature. See, e.g., Hector Linares & Derwyn Bunton, An Open Door to the Criminal Courts: Analyzing the Evolution of Louisiana’s System for Juvenile Waiver, 71 La.L.Rev. 191, 193-197, 226 (2010) (discussing the legislative evolution of three pathways to trying juvenile courts in Louisiana, the “legislative waiver,” the “prosecutorial waiver,” and the “judicial waiver,” the authors favor legislatively eradicating all but the “judicial waiver.”).
Even so, the role of this court in this matter is to follow the clear dictates of the legislature. See, e.g., La. R.S. 1:4 (“When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.”). As the majority correctly finds, and as this court earlier found in Hamilton, the legislature has chosen not to restrain, as a penalty for missing particular deadlines in the Children’s Code, the prosecutor’s ability to bring certain serious offenses allegedly committed by a juveniles for trial in the same court as trials for adults. Thus, I respectfully concur.