MICHAEL E. KIRBY, Judge.
 

 | Appellant appeals his convictions and sentences on charges of simple criminal damage to property and simple burglary in the Criminal District Court for Orleans Parish. He asserts his statutory and constitutional rights to a speedy trial were violated. Because we find appellant has not shown he suffered any actual prejudice from the state’s failure to timely bring him to court we affirm his convictions and sentences.
 

 STATEMENT OF THE CASE:
 

 The State charged Johnny Kitchens on July 27, 2007 with one count of simple criminal damage to property valued between $500 and $50,000. He pled not guilty. On August 31, 2007, the State charged him with one count of simple burglary. The matters were reset several times due to the fact that Kitchens was incarcerated in St. Bernard
 
 Parish
 

 [1]
 

 .
 
 On January 9, 2009, Kitchens filed a motion to quash the charges against him. The court denied the motion. Kitchens then withdrew his prior pleas of not guilty and pled guilty as charged, reserving his right |ato appeal the denial of his motions to quash as per
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 The matters were reset several times for sentencing on defense motion, and on April 3, Kitchens moved to withdraw his guilty plea. The court denied the motion and sentenced Kitchens to serve two years at hard labor on the simple criminal damage charge and twelve years at hard labor on the simple burglary charge, to be served concurrently with all of his other charges.
 

 FACTS
 

 Because appellant pled guilty in both cases, the facts leading to the charges are unknown. They are not necessary to a review of appellant’s claims in his appeals.
 

 ERRORS PATENT
 

 A review of both records reveals no patent errors in the simple criminal damage case. However, in the simple burglary case we find that the record fails to show that appellant was arraigned in that case. The failure to arraign a defendant is waived if the defendant “enters upon trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.” C.Cr.P. art. 555. See
 
 State v. Foreman,
 
 2008-0902 (La.App. 4 Cir. 4/29/09), 10
 
 *406
 
 So.3d 1238. Here, Kitchens did not go to trial; nonetheless, before pleading guilty, the court specifically noted that appellant withdrew his prior pleas of “not guilty”. Thus, all of the parties were under the impression that he had formerly pled not guilty in both cases. Therefore, any error that may have occurred by the court’s failure to arraign Kitchens in the simple burglary case was cured when he pled guilty to the bill of information.
 

 There are no other patent errors.
 

 |
 
 ^ASSIGNMENT OF ERROR
 

 By his sole assignment of error in both cases, appellant contends that the trial court erred by denying his motion to quash the charges in each case. In these appeals, he argues that both his statutory and constitutional rights to a speedy trial were violated by the delay in bringing him to trial.
 

 STATUTORY RIGHT TO SPEEDY TRIAL:
 

 The motions to quash filed in each case allege only that the appellant’s constitutional right to speedy trial was violated. The transcript of January 9, 2009 reflects that defense counsel did not assert appellant’s statutory right to a speedy trial. Therefore, the statutory claim raised in appellant’s brief is not properly before this court. Even on the merits, this claim fails. The State had two years from the date it filed the bills of information to take appellant to trial. La.C.Cr.P. art. 578(2). Appellant filed his motions to quash within those two years, effectively suspending the time limitations La.C.Cr.P. art. 580. On the same day that the court denied his motions to quash, appellant pled guilty, reserving his right to seek review of the court’s ruling. Therefore, appellant has no viable statutory claim, even had he asserted it in the trial court.
 

 CONSTITUTIONAL RIGHT TO SPEEDY TRIAL:
 

 In
 
 State v. Scott,
 
 2006-1610, p. 5 (La.App. 4 Cir. 4/25/07), 958 So.2d 725, 729, this court discussed the standard for evaluating a constitutional speedy trial claim:
 

 l/The standard for analyzing a defendant’s claim that his constitutional right to a speedy trial has been violated is the four factor test enunciated in
 
 Barker v. Wingo,
 
 407 U.S. 514, 530, 531-32, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1972), which is as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right to a speedy trial, and (4) the prejudice to the defendant.
 
 State v. Batiste,
 
 05-1571, p. 7 (La.10/17/06), 939 So.2d 1245, 1250. The circumstances of each individual case will determine the weight to be ascribed to the length of and the reason for the delay. “[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.”
 
 Id.
 
 (quoting
 
 Barker,
 
 407 U.S. at 531, 92 S.Ct. at 2192).
 

 The first of the
 
 Barker v. Wingo
 
 factors, the length of the delay, is the “triggering mechanism,” so if the length of the delay is not “presumptively prejudicial,” the court need not inquire into the remaining
 
 Barker
 
 factors. See
 
 State v. Scott,
 
 2004-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843;
 
 State v. Santiago,
 
 2003-0693 (La.App. 4 Cir. 7/23/03), 853 So.2d 671. As noted in
 
 State v. Love,
 
 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206: “[bjecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.” See also
 
 State
 
 
 *407
 

 v. Harris,
 
 2003-0524 (La.App. 4 Cir. 9/10/03), 857 So.2d 16.
 

 In order to facilitate a review of the
 
 Barker
 
 factors, the chronology of the appellant’s cases follows.
 

 SIMPLE CRIMINAL DAMAGE TO PROPERTY:
 

 5/29/07 Kitchens has his first appearance in magistrate court (# 478731), and bond was set. A rule to show cause was set for 7/30/07.
 

 1¡¡7/27/07 The State filed a bill of information charging Kitchens with one count of criminal damage to property.
 

 8/17/07 Kitchens was arraigned and pled not guilty. The court set a status hearing for 9/28/07.
 

 9/28/07 Kitchens did not appear. The court reset the matter without date and issued a capias for Kitchens’ arrest.
 

 10/23/07 The State noted that Kitchens was incarcerated in St. Bernard Parish. The court set a status hearing for 11/19/07, with the State to file a writ to have Kitchens brought to Orleans Parish.
 

 11/19/07 Kitchens did not appear. The court reset the status hearing for 11/30/07, with the notation to place the defendant on the jail list.
 

 11/26/07 The State filed a writ to have Kitchens brought to Orleans Parish.
 

 11/27/07 Kitchens filed a pro se motion for speedy trial.
 

 11/30/07 Kitchens did not appear because he was not brought from St. Bernard Parish. The court reset a status hearing for 1/11/08, with the notation to place the defendant on the jail list.
 

 12/4/07 The State filed a writ to have Kitchens brought to Orleans Parish.
 

 12/6/07 The court set a status hearing for 12/14/07; Kitchens’ presence was not required.
 

 12/11/07 The minute entry indicated that the status hearing for 12/14/07 was cancelled and a new status hearing was set for 12/20/07; Kitchens’ presence was not required.
 

 12/19/07 Kitchens filed pro se motions for bill of particulars, discovery, and inspection.
 

 12/20/07 The minute entry merely stated that matter had been previously set.
 

 1/11/08 Kitchens was not present because he was not brought from St. Bernard Parish. The court reset the status hearing for 1/18/08, with the State to file a writ to have him transported.
 

 1/15/08 The State filed a writ to have Kitchens transported to Orleans Parish.
 

 1/18/08 When Kitchens did not appear, the court issued a capias; the court then realized that Kitchens had not been brought from St. Bernard and recalled the capias.
 

 lfil/22/08 The court set a status hearing for 2/1/08, with the notation to place Kitchens on the jail list.
 

 2/1/08 Kitchens did not appear; the court reset the status hearing to 2/18/08, and the State was to have Kitchens transported to Orleans Parish.
 

 
 *408
 
 2/11/08 The court set a status hearing for 3/7/08, with the notation to place Kitchens on the jail list.
 

 2/12/08 The State filed a writ to have Kitchens transported.
 

 2/28/09 The court appointed new counsel for Kitchens, then allowed counsel to withdraw.
 

 3/7/08 Kitchens appeared, but he had no counsel. The court set a status hearing for 3/24/08, notifying Kitchens in open court.
 

 3/19/08 The court appointed new counsel, then allowed counsel to withdraw.
 

 3/24/08 Kitchens appeared, but again he had no counsel. The court set a status hearing for 4/15/08, with Kitchens being notified in open court.
 

 4/15/08 Kitchens did not appear because apparently he was still incarcerated in St. Bernard Parish. The court set a status hearing for 5/1/08, with the State to have him transported.
 

 4/15/08 Kitchens filed a pro se letter to the court.
 

 5/1/08 Kitchens did not appear because he was still in St. Bernard Parish. The court set a status hearing for 5/20/08, with the State to file a writ to have him transported.
 

 5/20/08 Kitchens did not appear; he was still in St. Bernard Parish. The court set a status hearing for 6/23/08 [sic], with the State to file a writ to have him transported.
 

 6/16/08 The State filed a writ to have Kitchens transported.
 

 6/25/08 Kitchen's did not appear. The court reset the matter for determination of counsel and status for 7/21/08, with the notation to place Kitchens on the jail list.
 

 6/30/08 The State filed a writ to have Kitchens transported.
 

 7/21/08 Kitchens did not appear. The minute entry notes that the court reset the matter to 8/1/08, with notices to go to Kitchens and his surety.
 

 178/l/08 Kitchens did not appear. The minute entry notes that the court reset the matter to 8/15/08, with notice to be mailed to Kitchens and a further note to place Kitchens on the jail list.
 

 8/15/08 Kitchens appeared, and the matter of counsel was referred to the Orleans Defender Program. The court set the matter for determination of counsel for 9/4/08, with the notation to place Kitchens on the jail list.
 

 9/4/08 The court was closed due to Hurricane Gustav. The matter was reset to 10/8/08.
 

 10/8/08 Kitchens appeared with counsel from OPD. The court set a hearing on motions for 10/24/08, with the notation to place Kitchens on the jail list.
 

 10/24/08 After stating that court was closed that day, the minute entry notes that Kitchens was in the custody of the sheriff but not brought to court. Counsel was present, and the court reset the matter to 11/6/08, with the notation to place Kitchens on the jail list.
 

 11/6/08 On the State’s motion, the court continued the matter to 12/5/08, with the notation to place Kitchens on the jail list.
 

 12/5/08 Kitchens and counsel appeared, and the court reset the matter
 
 *409
 
 to 1/9/09, with the notation to place Kitchens on the jail list.
 

 1/9/09 Kitchens filed a motion to quash the bill of information. The court denied the motion. Kitchens withdrew his prior plea of not guilty and pled guilty as charged, reserving his right to appeal the denial of his motion to quash as per
 
 State v. Crosby.
 
 The court set sentencing for 1/23/09
 

 1/28/09 On defense motion, the court reset sentencing to 2/6/09.
 

 2/6/09 On defense motion, the court reset sentencing to 2/20/09.
 

 2/19/09 On defense motion, the court reset sentencing to 3/16/09.
 

 3/16/09 The court continued the matter (the minute entry did not specify upon whose motion) to 4/3/09.
 

 4/3/09 Kitchens moved to withdraw his guilty plea, and counsel moved to withdraw from representation. The court denied both motions. The court sentenced Kitchens to serve two years at hard labor, to be served concurrently with any other sentence. The court then appointed new counsel for appeal.
 

 4/6/09 Kitchens filed a motion for appeal, which the court granted.
 

 \ SIMPLE BURGLARY:
 

 11/3/06 Kitchens made his first appearance in magistrate court (# 471357) for his arrest for looting. Bond was set, and the court set a rule to show cause for 1/5/07.
 

 1/5/07 The court reset the rule to show cause to 4/3/07.
 

 4/3/07 The court ordered Kitchens released under C.Cr.P. art. 701.
 

 8/31/07 The State filed a bill of information charging Kitchens with one count of simple burglary.
 

 9/4/07 The case was allotted to Section “G,” and arraignment was set for 9/19/07.
 

 9/19/07 The case was transferred to Section “K” to follow case # 471-949.
 

 10/2/07 The court reset the matter for a status hearing on 10/16/07.
 

 10/16/07 Kitchens failed to appear. The court issued a capias and reset the matter without date.
 

 The minute entries from this point basically mirror those set forth above in the Simple Criminal Damage case. There are two minute entries, April 22, 2008 and May 19, 2008, which indicate that counsel was appointed and then withdrew. Also, there is a minute entry from June 23, 2008 which indicated that court was closed that day due the lack of air conditioning. The minute entry of April 3, 2009 noted that in this case the court sentenced Kitchens to serve twelve years at hard labor, to be served concurrently with any other sentence.
 

 Considering the first factor in
 
 Barker,
 
 407 U.S. 514, 530, 531-32, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1972), the appellant was incarcerated on the simple burglary charge since at least November 3, 2006, and on the criminal damage charge since at least May 29, 2007. He filed his motions to quash these charges on January 9, 2009, more than twenty-six months after his first arrest and over nineteen months after being held on the criminal damage charge. Similar time delays have been found to be presumptively prejudicial. See
 
 State v. Firshing,
 
 624 So.2d 921 (La.App. 4 Cir.1993) (seventeen-month delay was presumptively prejudicial);
 
 *410
 

 State v. Leban,
 
 611 So.2d 165 (La.App. 4 Cir.1992) (sixteen-month delay was presumptively prejudicial). Because the time delays here have been deemed presumptively prejudicial in other cases, we will look to the other
 
 Barker
 
 factors.
 

 With respect to the second factor, the chronology shows that almost all of the delays in this case were caused by the State’s failure to have appellant transported to Orleans Parish from St. Bernard Parish, where he was incarcerated a large portion of the time. The minute entries indicate that the State was aware that appellant was incarcerated there as early as October 2007, and there are notations that the State filed many writs to get the appellant transported to Orleans Parish, but on most occasions he was not transported. The only continuances requested by the defense occurred after appellant pled guilty in each case, and were to continue sentencing. There were at least two instances where counsel was appointed and then withdrew, but in any event these occurred during the time period the State was unable to secure appellant’s presence.
 

 As to the third factor, the invocation of his right to a speedy trial, we note appellant filed a pro se motion for speedy trial in November 2007.
 

 Turning now to the prejudice, if any, he suffered from the delay, the appellant merely noted in his motions that his ability to investigate the cases was diminished because of his incarceration. He does not specify what evidence he may have discovered or preserved had he been brought to court in a more timely manner; he admits that “the defense cannot say what it might have found had it |1flcanvassed the witnesses in the Spring of 2007.” Indeed, considering that the burglary count was alleged to have been committed at a Lake-view school it is unlikely that there were many witnesses around to witness the crime. It must be noted, too, that the appellant was incarcerated in St. Bernard Parish during most of this time due to other charges there as well as federal charges. Even had the State been able to get him into court in Orleans Parish earlier than it did, he still would have been incarcerated on those charges.
 

 Thus, the failure to bring appellant into court in these cases was not the only reason that he was not able to investigate his cases; his other state and federal charges kept him incarcerated in St. Bernard Parish. His allegation of prejudice is at best speculation that he lost exculpatory evidence. Because he was unable to show actual prejudice from the delay in bringing him to court, we cannot find that the trial court abused its discretion by denying his motions to quash the bills of information in these cases.
 

 CONCLUSION
 

 Because appellant failed to show actual prejudice from the State’s failure to bring him to court, the trial court did not abuse its discretion by denying his motion to quash the bill of information in either case. Accordingly, we affirm appellant’s convictions and sentences.
 

 AFFIRMED.
 

 [1]
 

 . We take judicial notice that appellant filed a writ application with this Court,
 
 Louisiana v. Johnny Kitchens,
 
 2006-K-0631 in which it was revealed he was arrested on the St. Bernard charges on September 8, 2005 and that he was released from that custody on May 11, 2006 pursuant to a La.C.Cr.P. art. 701(B) motion.