PATRICIA RIVET MURRAY, Judge.
_JjThis criminal appeal presents an issue of statutory construction: whether La. Ch.C. art. 305(E) precluded the State from obtaining an indictment charging M.C.,[1] a sixteen-year old juvenile, with armed robbery, an enumerated offense under La. Ch.C. art. 305(B), after the juvenile court *1265 ordered a competency hearing and found the juvenile was not competent to proceed. Answering the question in the affirmative, we affirm the district court’s decision quashing the indictment for lack of jurisdiction.
FACTUAL AND PROCEDURAL BACKGROUND
M.C. is alleged to have committed armed robbery with a handgun. At the time of the offense, M.C. was under the age of majority.[2] Due to M.C.’s age, the case initially was allocated to juvenile court. Before the State took any formal action in either juvenile or criminal court, the juvenile court ordered a competency hearing. On May 26, 2009, that court, based on court-ordered evaluations, rendered judgment finding M.C. was not competent to stand trial.[3] The judgment reflects that the juvenile court remanded M.C. and placed him in the custody of the | gDepartment of Health and Hospitals for purposes of placement and competency restoration. The judgment further reflects that the juvenile court set a restoration status hearing for June 25, 2009; there is no indication in this record if that hearing was held.
On October 22, 2009, almost five months after M.C. was determined not competent to proceed, the State obtained a grand jury indictment of M.C. for armed robbery, a violation of La. R.S. 14:64, exercising its discretion under La. Ch.C. art 305(B) to commence this case in district court. M.C. was arraigned and pleaded not guilty. On January 14, 2010, the district court denied M.C.’s motion to suppress the identification. On April 8, 2010, the district court granted M.C.’s motion to quash the indictment. On the same date, the State filed a notice of appeal. On April 13, 2010, the State filed a motion for stay of the district court’s ruling. In response, the district court ordered M.C. to remain in Orleans Parish Prison, to which, pursuant to La. Ch. C. art. 305(D), he had been transferred once he was indicted. M.C. applied for supervisory review of this order. On May 10, 2010, this court denied the writ application. State v. M.C., 10-0669 (La.App. 4 Cir. 5/10/10)(unpub).
DISCUSSION
A trial court’s judgment granting a motion to quash may be reversed only upon a finding of abuse of discretion. State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206; State v. Kitchens, 09-0834, 09-0835, p. 4 (La.App. 4 Cir. 3/24/10), 35 So.3d 404, 406-07. One of the grounds for granting a motion to quash is the district court’s lack of jurisdiction of the offense charged. La.C.Cr.P. art. 532(8). The district court found it lacked jurisdiction based on the provision of La. Ch.C. art. 305(E), which precluded any further steps in the |sprosecution of M.C. in a court exercising criminal jurisdiction. The district court, therefore, quashed the indictment of M.C. It is from this ruling that the State appeals.
The question presented is the interpretation of La. Ch.C. art. 305(E); under this article does the juvenile court retain jurisdiction of a juvenile such as M.C., who has been determined to be not competent to proceed? The State argues that it does not, relying on the discretion given to it by the Legislature with regard to certain crimes alleged to have been committed by *1266 a juvenile such as M.C. To resolve this question it is necessary to place this jurisdictional dispute in context by reviewing the scope of the juvenile court’s jurisdiction and the pertinent statutory provisions.
As a general rule, the Louisiana Constitution provides that juveniles are entitled to the benefit of special juvenile procedures. La. Const. Art. V, § 19 (providing that special juvenile procedures apply to the “determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday.”) The constitution, however, authorizes the Legislature, by two-thirds vote, to enact provisions for waiver of juvenile jurisdiction. Id.
Exercising its constitutional authority, the Legislature has created three types of waiver. These are codified in La. Ch.C. art. 303, which provides that a court exercising juvenile jurisdiction “shall have exclusive original jurisdiction” over delinquency proceedings pursuant to La. Ch.C. arts. 801, et seq., except when a child either (1) is subject to the jurisdiction of the criminal courts for prosecution and liability as an adult pursuant to La. Ch.C. art. 305, et seq. or (2) has been transferred by the juvenile court for criminal prosecution and liability as an adult | ^pursuant to La. Ch.C. art. 857 et seq. See State v. Hamilton, 96-107, pp. 2-4 (La.7/2/96), 676 So.2d 1081, 1082-83.
This case involves one of those types of waiver, specifically “prosecutorial waiver”[4] of juvenile court jurisdiction as provided in La. Ch.C. art. 305(B). Article 305(B) of the Children’s Code provides that the juvenile court has exclusive jurisdiction over certain enumerated criminal offenses committed by a child fifteen years of age or older, until a divesting event occurs. Hamilton, 96-0107 at pp. 2-3, 676 So.2d at 1082 (citing State v. Lacour, 398 So.2d 1129, 1132 (La.1981)).
In the case at bar the district attorney obtained an indictment of M.C. in district court, exercising the discretion granted to it by La. Ch.C. art. 305(B). However, before the indictment was obtained, the juvenile court ordered a competency hearing and determined that M.C. was not competent to proceed. The district court, relying on La. Ch.C. art. 305(E), held that this exercise of discretion was precluded until M.C.’s competency was restored, and quashed the indictment. The issue on appeal, therefore, is the proper statutory construction of La. Ch.C. art. 305(E).
Statutory interpretation starts with the language of the statute. State v. Benoit, 01-2712, p. 3 (La.5/14/02), 817 So.2d 11, 13. Children’s Code Article 305(E), which was added in 2008, provides:
E. (1) If a competency or sanity examination is ordered, except for the filing of a delinquency petition, no further steps to prosecute the child in a court exercising criminal jurisdiction shall occur until:
|fi(a) Counsel is appointed for the child and notified in accordance with Article 809; and
(b) The court determines mental capacity to proceed in accordance with Chapter 7 of Title VIII.
(2) When a child has been charged with one or more of the crimes listed in Article 857, has reached twenty-one years of age and is incompetent, the court on its *1267 own motion or on the motion of the district attorney may conduct a hearing to consider whether to transfer the child for further proceedings to the appropriate court exercising criminal jurisdiction.
La. Ch. C. art. 305(E) (emphasis supplied). It is the interpretation of provision E(l) that is at issue in this appeal.
In resolving a question of statutory interpretation, the following basic rules of statutory construction set forth in the Louisiana Civil Code provide guidance:
• Article 9: “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.”
• Article 10: “When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.”
• Article 11: “The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter.”
• Article 12: “When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.”
• Article 13: “Laws on the same subject matter must be interpreted in reference to each other.”
The First Circuit Court of Appeal, under circumstances similar to those presented in this case, has construed Article 305(E) as providing for a temporary pause of the transfer of a juvenile from juvenile court to district court until the juvenile court has made a competency determination. State in the Interest of T.C., 609-1852 (La.App. 1 Cir. 2/12/10), 35 So.3d 1088, writ denied, 10-0575 (La.3/31/10), 31 So.3d 352.
Before the State indicted T.C. (who had been arrested for second degree murder and armed robbery), defense counsel filed a motion in juvenile court to have T.C. examined to determine his capacity to proceed. The juvenile court appointed a competency commission, but before the hearing was held T.C. was indicted for armed robbery and second degree murder. On the State’s motion, the district court transferred T.C. to the district court pursuant to La. Ch.C. art. 305(A)(2). The State subsequently moved to dismiss the pending competency proceedings in juvenile court. Finding that an indictment obtained in violation of La. Ch.C. art. 305(E) does not divest the juvenile court of jurisdiction until the juvenile court’s determination of mental competency to proceed, the juvenile court denied the State’s motion. From this ruling, the State filed a writ application, which the First Circuit granted.
Addressing the issue of statutory construction, the First Circuit noted that, although there was a lack of jurisprudence interpreting La. Ch.C. art. 305(E), the commentators have interpreted the provision as requiring a determination of the child’s mental capacity before proceeding to prosecute him' in a court exercising criminal jurisdiction. T.C., 09-1852, p. 7, 35 So.3d at 1091 (citing Lucy S. McGough & Kerry Triche, Louisiana Children's Code Handbook 28 (Authors’ Notes to La. Ch.C. art. 305) (2008-2009 ed.)). Continuing, the First Circuit reasoned that the juvenile court’s construction of La. Ch.C. art. 305(E) is supported by the language of the article, which provides an exception only for the filing of a delinquency petition. The Court concluded that:
17[I]n those cases where the competency of the child is raised in juvenile court before the state secures an indictment, the state has no authority to get an *1268 indictment until the child has been found competent. Article 305(E) of the Children’s Code is an exception to Sections (A) and (B) of article 305. Subsection (E) ensures that the juvenile court retains jurisdiction while the mental capacity of the juvenile is under consideration. If the child is found competent in the juvenile court, trial in the criminal court is not prevented. Only those children who are found incompetent would be shielded from criminal prosecution. Article 305(E) temporarily prevents a transfer from the juvenile court to the criminal court until a determination of competency is made.
T.C., 09-1852, p. 8, 35 So.3d at 1092. For these reasons, the First Circuit recalled and denied the State’s writ application.
The dissent in T.C., disagreeing with the majority’s reasoning, opined that “[ojnce the indictment against T.C. was filed, the juvenile court was divested of jurisdiction and was no longer ‘a court exercising criminal jurisdiction.’ ” T.C., 09-1852 at p. 7, 35 So.3d at 1095 (Carter, C.J., dissenting). The dissent further noted that, although the district attorney had the discretion to charge T.C. with armed robbery in district court pursuant to La. Ch.C. art. 305(B), the “[pjrosecution of the charge of second degree murder must take place in district court [pursuant to La. Ch.C. art. 305(A)].” Id. (emphasis in original).[5] Citing La. Const. Art. V, § 26(B) and La.C.Cr. P. Art. 61, the dissent opined that:
To interpret Article 305 E as suggested by defense counsel is to place charge of a criminal prosecution with defense counsel rather than with the district attorney. Defense counsel could circumvent, or manipulate, the automatic jurisdictional provision of Article 305 A and the discretionary jurisdictional provision of Article 305 B by obtaining an order appointing a sanity commission prior to the district attorney effecting a legal action against a juvenile accused of a serious crime.
8T.C., 09-1852 at p. 7, 35 So.3d at 1095, n. 4 (quoting La. C.Cr.P. art. 61)(Carter, C.J., dissenting). Because “[t]he district attorney has the entire charge and control of every criminal prosecution instituted or pending in his district and determines “whom, when, and how he shall prosecute.” Id. (quoting La.C.Cr.P. art. 61)(Carter, C.J., dissenting), the dissent would have granted the State’s writ, found that jurisdiction vested exclusively in the district court once an indictment had been obtained, and found that the district court, therefore, was the proper forum for determining the juvenile’s competency.
Given this background, we turn to the determination of which court has jurisdiction to determine the competency of a juvenile subject to a La. Ch.C. art. 305 waiver when the juvenile court has ordered a competency examination and the juvenile has been found not competent to proceed before the State files an indictment or bill of information.
The State, as it did in T.C., supra, argues that the district court’s decision divests the district attorney of the discretion granted to it by La. Ch.C. art. 305(B), which, it contends, was not the intent of the Legislature. It contends that the dissent in T.C. sets out the proper construction of the article.
*1269 M.C. counters that the First Circuit in T.C. and the district court herein correctly construed La. Ch.C. art. 305(E)(1). First, he contends that the article is clear and unambiguous. He points out, in addition, that, despite the State’s argument that the juvenile shall receive a sanity hearing in accordance with the provisions of the Children’s Code, the determination of capacity to proceed is governed by the Code of Criminal Procedure. La. Cr.C. art. 644.1(B). Such a juvenile would not have the benefit of the special restoration proceedings provided |flfor by the Children’s Code. La. Ch.C. art. 837.1. M.C. contends that the district court’s quashing of the indictment should be affirmed. We agree.
The language of La. Ch.C. art. 305(E) is clear. The article provides that no further steps to prosecute the juvenile in a court exercising criminal jurisdiction shall occur once a competency or sanity examination is ordered until counsel is appointed for the child and notified in accordance with La. Ch.C. art. 809, and the court determines he has the mental capacity to proceed in accordance with other provisions of the Children’s Code. La. Ch.C. art. 305(E)(1). The only exception is the filing of a delinquency petition, which is the vehicle by which a delinquency proceeding is commenced. La. Ch.C. art. 842.
As it argued in T.C., supra, the State would equate a delinquency petition with the institution of prosecution in district court. As did the First Circuit in T.C., we reject that argument. La.C.Cr. P. art. 934(7) defines the institution of prosecution to mean “the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial.” The Legislature’s selection of the juvenile court terminology “delinquency petition” supports our interpretation of La. Ch.C. art. 305(E) as requiring the juvenile court retain jurisdiction until the juvenile is found competent to proceed.
In argument before this court the State distinguished this case from T.C. as the competency proceeding in juvenile court in T.C. was pending; the State obtained an indictment before the juvenile court held a competency hearing. The State suggests that the fact that M.C. had already been found not to be competent before the indictment should call into question the district court’s reliance on T.C. in interpreting La. Ch.C. art. 305(E). This argument ignores the plain language of the article; no steps to prosecute the child in a court exercising criminal jurisdiction |inshall occur until it is determined that the child has the mental capacity to proceed. We find it even more compelling for the juvenile court to retain jurisdiction when a child, such as M.C., actually has been found to be incompetent. The harm resulting from adopting the State’s position is that it allows the waiver (transfer) of M.C., a juvenile who has been determined not to be competent, to an adult facility. Indeed, M.C. has been in Orleans Parish Prison since October of 2009 when he was indicted and his case transferred to district court.
For all these reasons, we construe La. Ch.C. art. 305(E) as intended to halt the waiver of juvenile jurisdiction when the juvenile court has found reasonable cause to doubt the juvenile’s competency, ordered a competency examination, and found the juvenile not to be competent. Our construction of La. Ch.C. art. 305(E) is buttressed not only by the First Circuit’s decision in T.C., but also by a failed legislative attempt in 2010 to repeal the special competency protection waiver provision contained in La. Ch.C. art. 305(E).[6] *1270 Because the State’s indictment of M.C. was obtained in violation of La. Ch.C. art. 305(E), we find the district court did not abuse its discretion in granting M.C.’s motion to quash. We thus find that the juvenile court continues to retain jurisdiction over M.C.’s competency proceeding.
|nIn an earlier proceeding before this court in this matter, the district court expressed in its per curiam that it had ordered M.C.’s release. The district court further stated that it reluctantly granted the relief of discharge of M.C. from custody because the juvenile court apparently believed that it had been irreversibly divested of jurisdiction over M.C. The district court then stayed its own order of release pending this appeal. This court denied M.C.’s writ application seeking relief from the district court’s stay order. State v. M.C., 10-0669 (La.App. 4 Cir. 5/10/10)(unpub). In addition to affirming the district court’s motion to quash, we make clear that we are affirming the district court’s order of M.C.’s release from the custody of Orleans Parish Prison and the dissolution of the district court’s stay.
Because this court has supervisory jurisdiction over the Juvenile Court for the Parish of Orleans, we direct an instanter order under our plenary authority to the judges of that court to immediately exer-rise their jurisdiction over M.C. See La. Const. Art. V, § 10(A); see also Herlitz Constr. Co. v. Hotel Investors of New Iberia, Inc., 896 So.2d 878 (La.1981).

DECREE

For the foregoing reasons, the judgment of the trial court granting M.C.’s motion to quash is affirmed.
AFFIRMED.

. The initials of the juvenile involved in this case are used in this opinion in order to protect his privacy.

. The offense occurred on April 4, 2009; M.C. was born on May 18, 1992.

. Although the record from juvenile court is not contained in the record on appeal, the record does contain a copy of the juvenile court’s May 26, 2009 judgment addressing M.C.'s competency.

. Prosecutorial waiver refers to a transfer method that covers an enumerated list of offenses set forth in Ch.C. art. 305(B); armed robbery, the crime M.C. is alleged to have committed, is one of those enumerated offenses. This method of transfer is commonly called "prosecutorial waiver” as it is the prosecutor’s charging decision that determines if the juvenile will be tried as an adult. State v. Hamilton, 96-107, p. 3 (La.7/2/96), 676 So.2d 1081, 1082.

. Children’s Code Article 305(A) vests exclusive jurisdiction in the appropriate court exercising criminal jurisdiction over a child fifteen years of age or older who is indicted for any of several enumerated crimes, one of which is second degree murder. "This automatic and irreversible divestiture of jurisdiction from the juvenile court to the district court is generally called ‘legislative waiver' because legislative fiat has automatically waived juvenile court jurisdiction in these cases.” Hamilton, 96-107 at p. 3, 676 So.2d at 1082.

. In an apparent response to the Louisiana Supreme Court's unanimous denial in March 2010 of the State’s writ application in T.C., supra., the Louisiana Legislature in its 2010 *1270 session attempted unsuccessfully "to eliminate this [special competency] protection [in La. Ch.C. art. 305(E)].” Hector Linares and Derwyn Bunton, An Open Door to the Criminal Courts: Analyzing the Evolution of Louisiana’s System for Juvenile Waiver. 71 La. L.Rev. 191, 228, n. 140 (2010). The bill "almost succeeded but was thwarted when House Bill 1106 died in a Senate committee after having been unanimously approved in the House of Representatives.” Id. The proposed amendment to La. Ch.C. art. 305(E), as passed by the Louisiana House of Representatives, would have amended this provision to read:
E. (1) If a competency or sanity examination is ordered, except for the filing of a delinquency petition, the return of an indictment, or the filing of a bill of information, no further steps to prosecute the child in the court exercising criminal jurisdiction shall occur until the proper court exercising jurisdiction determines the child’s mental capacity to proceed.
(2) When an indictment has been returned or a bill of information has been filed pursuant to this Subsection, the district court exercising criminal jurisdiction shall be the proper court to determine the child’s mental capacity to proceed. In all other instances, the juvenile court shall be the proper court to make this determination.