KNOLL, Justice.
This writ concerns whether the Juvenile Court’s dismissal of a juvenile’s case for expiration of the time period for adjudication provided in the Children’s Code prevents the District Attorney from later obtaining a grand jury indictment against the juvenile and bringing the case to District Court. In this case, the District Court quashed the defendant’s indictment on the basis of the Juvenile Court’s prior dismissal of the juvenile petition with prejudice. The Court of Appeal reversed the District Court’s grant of the motion to quash. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Defendant, Terrence Roberson, is charged with armed robbery and attempted second-degree murder for offenses which allegedly occurred on May 14, 2012, when the defendant was sixteen years old. On July 9, 2012, the State filed a petition in Juvenile Court. The juvenile appeared and entered a denial on July 13, 2012, and the matter was assigned for adjudication on September 11, 2012. However, the State was granted a thirty-day continuance, and the juvenile was released from custody. On October 12, 2012, the new date set for the adjudicatory hearing, the State again moved to continue. The Juvenile Court denied the State’s motion. According to the Juvenile Court’s minute entries, the State then “moved to ^withdraw the motion to transfer for criminal prosecution and to dismiss this matter without prejudice.” The Juvenile Court, however, ordered the matter “be dismissed with prejudice [d]ue to the state being unable to show good cause.”
On November 8, 2012, a grand jury indicted the defendant with three counts of armed robbery and two counts of attempted second-degree murder. The defendant moved to quash the indictment filed in District Court based on the previous dismissal of the Juvenile Court petition “with prejudice.” The District Court granted the motion to quash, finding it did not have authority to review the Juvenile Court’s dismissal' of the matter with prejudice. The Court of Appeal reversed, finding exclusive jurisdiction vested in the District Court by operation of law when the indictment was returned. We agree.
ANALYSIS
The defendant alleges the State may not circumvent the Juvenile Court’s ruling, which was based on the expiration of the time period provided for defendant’s juvenile adjudicatory hearing in La. Ch.C. 877, by later filing an indictment in District Court containing charges stemming from the same allegations previously dismissed with prejudice. In support, the defendant relies on State in Interest of R.D.C., Jr., 93-1865 (La.2/28/94), 632 So.2d 745. In R.D.C., this Court held the State may hot refile its petition where a good cause extension is not granted before the expiration of the time period for commencement of adjudication provided by La. Ch.C. art. 877.
La. Ch.C. art. 877 states:
A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in *575 custody pursuant to Chapter 5 of this- Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition, In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
[J3. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance-to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.
This Court reaffirmed the mandatory nature of this article’s provisions in State of Louisiana in the Interest of J.M., 2013-2573, p. 5 (La.12/9/14), 156 So.3d 1161, where we found the State could not flout this time period by entering a nolle prosequi and refiling the same charges in Juvenile Court. However, this holding is not applicable to the present case, as the provisions of La. Ch.C. art. 877 pertain exclusively to proceedings in Juvenile Court.[1] Here, the applicable time period for adjudication in Juvenile Court had clearly expired when the State was denied a continuance on October 12, 2012; thus, the State is not allowed to re-file a petition in Juvenile Court. However, La. Ch.C. art. 877 does not authorize the Juvenile Court to limit the State’s authority to later bring an indictment in District Court.
La. Ch.C, art. 305 gives the District Attorney discretion to obtain an indictment or file a bill of information- in District Court, when, as is the case here, -the child is fifteen years of age or older- at the time of commission of certain serious .crimes, including armed robbery and attempted second-degree murder.[2] Although the *576 defendant was originally subject to the exclusive jurisdiction of the Juvenile Court, La. Ch.C. art. 805(B)(4) clearly provides:
If an indictment is returned, or a bill of information is filed, the child is subject to the exclusive jurisdiction of the appropriate court exercising criminal jurisdiction for all subsequent procedures, including the review of bail applications, and the district court may order that the child be . transferred to the appropriate adult facility for detention pri- or to his trial as an adult.
(Emphasis added.)
Once .the indictment was returned on November 8, 2012, exclusive jurisdiction vested in the District Court by operation of this provision. The Juvenile Court lacked authority to' supersede the State’s discretion to, transfer the case to District Court under La. Ch.C. art. 305.
The dissent from the majority opinion in the Court of Appeal asserts that allowing the State to refile the same charges in District Court renders the good cause provision of La. Ch.C. art. 877(D) meaningless. State v. Roberson, 13-1789, p. 3 (La.App. 1 Cir. 9/4/14), 2015 WL 4374101 (unpublished) (Pettigrew, J., dissenting). While it is true the mandatory time limitations provided in La. Ch.C. art. 877 were set forth to ensure expedited adjudication of children, the Legislature has provided that,'" when juveniles have reached a certain age and are alleged to have committed certain serious crimes, the District Attorney may elect to bring the Lease in District Court; The mandatory expedited timelines of the Children’s Code do not apply in District Court, although the defendant retains his constitutional right to a speedy trial.[3] Thus, the Louisiana statutory scheme allows the State to institute prosecution in this case in accordance with the provisions of the Louisiana Code of Criminal Procedure, notwithstanding the expiration of the time limitations in Juvenile Court.
DECREE
For the foregoing reasons, the Court of Appeal’s, ruling reversing the. District Court’s grant of the motion to quash is affirmed. This matter is remanded to the District Court for further proceedings.
AFFIRMED AND REMANDED.
JOHNSON, Chief Justice, dissents and assigns reasons.
WEIMER, Justice, additionally concurs and assigns reasons.
CRICHTON, Justice, additionally concurs and assigns reasons.

. La Ch.C. art. 103 specifically states: "Except as otherwise specified in any Title of this Code, the provisions of the Children’s Code shall be applicable in all juvenile court proceedings, and only to such proceedings.”

. The Louisiana Children’s Code allows for divesture of Juvenile Court jurisdiction and original jurisdiction in District Court only under limited circumstances in which the child is fifteen years or older and is charged with certain serious crimes. The relevant provision in this case is La. Ch.C. art.. 305(B), which specifies that where the child is fifteen years of age or older and has committed one of the crimes enumerated in La. Ch.C art. 305B(2), the Juvenile- Court has exclusive jurisdiction until either 1.) an indictment is returned or 2) the Juvenile Court holds a continued custody hearing pursuant to La. Ch.C. arts. 819 and 820 and finds probable cause the juvenile committed one of the enumerated offenses and a bill of information, is 'filed. The crimes enumerated under this provision are: •
(2)(a) Attempted first degree murder. •
(b) Attempted second degree murder.
(c) Manslaughter.
(d) Armed robbery.
(e) Aggravated burglary.
(f) Forcible rape.
(g) Simple rape.
(h) Second degree kidnapping.
(i) Repealed by Acts 2001, No. 301, § 2.
(j) Aggravated battery committed with a firearm.
(k) A second or subsequent aggravated battery.
(l) A second or subsequent aggravated burglary. ■
(m) A second or subsequent offense of burglary of an inhabited dwelling.
(n) A second or subsequent felony-grade violation of Part X or X-B of Chapter 4 of Title 40 of the Louisiana Revised Statutes of 1950 involving the manufacture, distribution, or possession with intent to distribute controlled dangerous substances.
La. Ch.C. art. 305(B)(2).
Once the indictment is returned or a bill of information is filed, the child is subject to the *576 exclusive jurisdiction -of the District Court. Id. at B(5).

. We also note that jeopardy had not attached in this case, as no witnesses were sworn in for the adjudication proceeding. La. Ch.C. art. 811.