STATE OF LOUISIANA     \*     NO. 2023-KA-0054

VERSUS     \*

    **COURT OF APPEAL**

CRUZ MATUTE     \*

    **FOURTH CIRCUIT**

    \*

    **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 556-291, SECTION "A"
Honorable Laurie A. White, Judge
\* \* \* \* \* \*
**Judge Nakisha Ervin-Knott**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

*LOBRANO, J., CONCURS IN THE RESULT*

Jason R. Williams
District Attorney

Brad Scott
Assistant District Attorney
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR APPELLANT

Francesca Buzzi
Colin Reingold
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue
Seventh Floor
New Orleans, LA 70119

      COUNSEL FOR APPELLEE

                                        **REVERSED AND REMANDED**
                                        **May 10, 2023**

The State of Louisiana (herein the "State") appeals the district court's granting of Defendant's Motion to Quash Bill of Information. After reviewing the record and controlling law, we reverse the district court's ruling.

**Relevant Facts and Procedural History**

On October 19, 2022, Defendant was arrested and booked into the Juvenile Justice Intervention Center on one count of attempted second degree murder, one count of armed robbery with a firearm, and one count of discharging a firearm during a crime of violence.[1] On October 30, 2022, the State filed a petition in juvenile court charging Defendant with those crimes. Defendant answered the petition, and the juvenile court set an adjudication hearing for January 23, 2023.

Thereafter, on November 30, 2022, while the juvenile court proceedings were still pending, the State filed a Bill of Indictment in Orleans Criminal District Court, charging Defendant with one count of attempted second degree murder and one count of armed robbery. Throughout this time, Defendant remained in the custody of the State. Defendant filed a Motion to Quash Bill of Information on December

---

[1] Defendant was fifteen years old at the time of the arrest. Although the appellate record does not contain any documents from the Orleans Parish Juvenile Court record, the parties do not dispute the background dates and events in this case.

1

14, 2022. The district court heard the matter on December 21, 2022 and granted the motion. This appeal followed.

## Standard of Review

A district court's ruling on a motion to quash is discretionary, and an appellate court may only reverse such a ruling if it finds that the district court abused that discretion. *State v. M.C.*, 2010-1107, p. 2 (La. App. 4 Cir. 2/18/11), 60 So. 3d 1264, 1265 (citing *State v. Love*, 2000-3347, pp. 9-10 (La. 5/23/03), 847 So. 2d 1198, 1206; *State v. Kitchens*, 2009–0834, 2009–0835, p. 4 (La. App. 4 Cir. 3/24/10), 35 So. 3d 404, 406–07). Under this standard, an appellate court must defer to the district judge's ruling unless the moving party can show that the judge's ruling was based upon a mistaken application of the law. *State v. Lee*, 2011-0398, p. 6 (La. App. 4 Cir. 1/30/12), 83 So. 3d 1191, 1196 (internal citation omitted). If the ruling is based upon a legal mistake, it will not be entitled to deference. *Id*.

## Discussion

The State's sole assignment of error in its appeal is that the district court erred in granting Defendant's motion to quash. The State requests that we determine whether the district attorney's failure to timely file a bill of information under La. Ch. C. art. 305(B)(3) precluded the vesting of jurisdiction in criminal court. On appeal, the State argues that the article does not affect the jurisdiction of the criminal court and does not provide quashal as a remedy. To support its argument, the State relies on the Louisiana Supreme Court's holding in *State v. Hamilton*, wherein the Louisiana Supreme Court held that the thirty-day period under the article is not a limitation on a criminal court's jurisdiction. *See* 1996-0107, p. 6 (La. 7/02/96), 676 So. 2d 1081, 1084. In response, Defendant argues that the plain language of La. Ch.

2

C. art. 305(B)(3) divests the criminal court of jurisdiction if a bill of indictment is not timely filed.

> La. Ch. C. art. 305(B), in pertinent part, provides the following:
>
> The district attorney shall have the discretion to file a petition alleging any of the offenses listed in Subparagraph (2) of this Paragraph in the juvenile court or, alternatively, to obtain an indictment or file a bill of information. If the child is being held in detention, the district attorney shall file the indictment, bill of information, or petition in the appropriate court within thirty calendar days after the child's arrest, unless the child waives this right.
>
> If an indictment is returned or a bill of information is filed, the child is subject to the *exclusive jurisdiction* of the appropriate court exercising criminal jurisdiction for all subsequent procedures, including the review of bail applications, and the district court may order that the child be transferred to the appropriate adult facility for detention prior to his trial as an adult.

La. Ch. C. art. 305(B)(3)-(4) (emphasis added).[2] As noted by the Louisiana Supreme Court in *Hamilton*, this language vests the decision to charge a juvenile as an adult entirely with the district attorney. *Hamilton*, 1996-0107, p. 4, 676 So. 2d at 1083. However, the article does not provide a sanction for the district attorney's failure to comply with the thirty-day time limitation. *Id*.

*Hamilton* is directly analogous to this case and determinative of the issue presented. In *Hamilton*, the district attorney had untimely filed a bill of information under La. Ch. C. art. 305(B)(3), and the criminal court granted the defendant's motion to quash. *Hamilton*, 1996-0107, p. 1, 676 So. 2d at 1081-82. The Louisiana Supreme Court analyzed whether the thirty-day period contained in subsection (B)(3) is a jurisdictional limitation. *Id*. at p. 2, 676 So. 2d at 1082. ("The sole issue in this case is whether the district attorney's failure to timely file a bill of information

---

[2] Attempted second degree murder and armed robbery are charges that may be transferred to the jurisdiction of the criminal district court. La. Ch. C. art. 305(B)(2).

3

under La. Ch. C. art. 305(B)(3) precluded the vesting of jurisdiction in criminal court."). In doing so, the Louisiana Supreme Court reasoned that "the thirty-day limit . . . was never intended to be a limit on jurisdiction" but rather was meant to limit a defendant's time in detention. *Id* at pp. 4-5, 676 So. 2d at 1083. It further noted that the legislature intended for criminal court jurisdiction to "hinge on the age of the offender and the type of offense committed, not on time limits." *Id*. at p. 6, 676 So. 2d at 1084. Ultimately, it held that that the remedy for failing to comply with the time limitation is release without bail, not quashal. *Id*. at p. 7, 676 So. 2d at 1084.

*Hamilton* has not been overturned and remains controlling precedent. The extent of jurisdiction under La. Ch. C. art. 305 has been examined by courts numerous times since *Hamilton*, and none has criticized the *Hamilton* court's holding. *E.g. M.C.*, 2010-1107, 60 So. 3d 1264; *State v. Roberson*, 2014-1996 (La. 10/14/15), 179 So. 3d 573 (Weimer, J. concurring); *State in Interest of D.T.*, 2019-01445 (La. 4/03/20), 340 So. 3d 745. In fact, the Louisiana Supreme Court re-emphasized in *Roberson* that a juvenile is subject to the exclusive jurisdiction of the criminal district court once an indictment has been filed. *See Roberson*, 2014-1996, p. 4, 179 So. 3d at 576.

On appeal, Defendant argues that *Hamilton* was incorrectly decided and runs afoul of the legislature's intent. Defendant's argument is without merit. As already noted, *Hamilton* is controlling and has been looked favorably upon since its ruling. Defendant fails to cite any controlling authority to support his position that *Hamilton* is no longer valid law. Instead, Defendant relies on legal comments to suggest that La. Ch. C. art. 305 controls jurisdiction. However, these secondary sources are not controlling law. *See Terrebonne Par. School Bd. v. Castex Energy, Inc.*, 2004-0968,

4

p. 11 (La. 1/19/05), 893 So. 2d 789, 797 ("[S]tatements contained in the official comments are not part of the statute, and are not binding on this court . . . .").

Alternatively, Defendant asserts that the jurisprudence regarding the prosecution and sentencing of juvenile defendants has evolved since the Louisiana Supreme Court's decision in *Hamilton*. While this may be true, the application of article 305(B) has remained unchanged. Defendant's arguments advocate for a change in the law. The legislature has the power to change La. Ch. C. art. 305 should it choose to do so. *See* La. Const. Art. III, § 1(A) ("The legislative power of the state is vested in a legislature, consisting of a Senate and a House of Representatives."). Indeed, since the *Hamilton* decision, the legislature has amended the article several times; yet, the substance of La. Ch. C. art. 305(B), the portion relied upon in *Hamilton*, has remained relatively unchanged.

Defendant also contends that La. Ch. C. art. 305, as applied in the context of *Hamilton*, disadvantages juvenile defendants in that the State may transfer jurisdiction at any time without notice. Defendant contends that since *Hamilton* the jurisprudence has evolved to place more checks on the State's prosecutorial power. In particular, Defendant directs this Court's attention to the holdings in *Love* and *King*, wherein the Louisiana Supreme Court held that quashal is an appropriate remedy in cases where the State uses its prosecutorial power to disadvantage a defendant. *See Love*, 2000-3347, 847 So. 2d 1198; *State v. King*, 2010-2638 (La. 5/06/11), 60 So. 3d 615. However, these cases are distinguishable in that they dealt with speedy trial violation issues, not jurisdictional issues. Furthermore, both of these cases were decided prior to the Louisiana Supreme Court's more recent decisions analyzing La. Ch. C. art. 305.

5

Finally, Defendant argues that the juvenile court retained jurisdiction under La. Ch. C. art. 305(B)(1). That portion of the statute reads as follows:

> When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:
>
> > (a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.
> >
> > (b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in Subparagraph (2) of this Paragraph and a bill of information charging any of the offenses listed in Subparagraph (2) of this Paragraph is filed.

Defendant alleges that the language of this section implies that the State had the choice to either file a petition in juvenile court or seek an indictment in criminal court. Defendant further contends that once a petition is filed in juvenile court, the State's only avenue to charge the juvenile defendant as an adult is to transfer the case to criminal court under La. C. Cr. P. art. 857. For the reasons already stated in this opinion, we find this argument to be without merit. Again, *Hamilton* and its successors, which have analyzed the language of La. Ch. C. art. 305(B) extensively, unequivocally hold that the juvenile court is divested of jurisdiction the moment an indictment or bill of information is filed. While Defendant may have some valid concerns about the practical implications of La. Ch. C. art. 305 and *Hamilton*, we are without power to address those concerns. The current state of the law is clear. Criminal court has exclusive jurisdiction over the charges of attempted second degree murder and armed robbery. The juvenile court lost jurisdiction over those charges upon the filing of the indictment, and it may no longer adjudicate those charges. As such, the district court erred when it quashed those charges.

6

In short, the district court erred when it granted Defendant's motion to quash. La. Ch. C. art. 305(B), both from the plain language of the statute and as interpreted by the jurisprudence, vests exclusive jurisdiction with the criminal district court once an indictment or bill of information is filed. The sanction for a district attorney's failure to comply with the thirty-day time limitation is to release the juvenile defendant from detention, not to quash the indictment. As such, the district court abused its discretion in quashing the indictment.

## **Decree**

For the foregoing reasons, we reverse the district court's ruling and remand this matter back to the district court for further proceedings.

**REVERSED AND REMANDED**